SILAS A. UNDERHILL, Appellant, *against* BENJAMIN W. PAL-
MER, Impleaded, &c., Respondent.

(Decided April 3d, 1882.)

The relinquishment or change, by a creditor, of a security held by him
against his debtor, discharges a surety for the latter only to the extent of
the value of the security of the benefit of which such surety has been
deprived by the act of the creditor. He is not wholly discharged, as in
the case of a change in the contract for the performance of which he is
responsible.

APPEAL from a judgment of the general term of the Ma-
rine Court of the City of New York affirming a judgment of
that court entered upon the dismissal of a complaint on a
trial by the court without a jury.

The action was brought upon a promissory note made by
the defendant John Davis, Jr., to the order of the plaintiff, and
indorsed by the defendant Benjamin W. Palmer and delivered
to the plaintiff as collateral security to him for an indebted-
ness of the defendant Davis to him, for which the plaintiff also
held, as security, a mortgage by Davis of household furniture
owned by the latter. After the note became due, the plaint-
iff took from Davis a new mortgage of the same property,
with the exception of articles worn out or injured, and in-
cluding other articles not in the original mortgage of greater
value than the articles omitted. The new mortgage was pay-
able on demand, and payment thereof was immediately de-
manded by the plaintiff. The old mortgage was surrendered
by the plaintiff to Davis.

At the trial, a jury having been waived by consent, the
judge dismissed the complaint as to the defendent Palmer,
and judgment in his favor was entered thereupon. From the
judgment the plaintiff appealed to the general term of the
Marine Court, which affirmed the judgment, and from the
decision of the general term the plaintiff appealed to this
court.

Underhill v. Palmer.

*R. H. Underhill,* for appellant.

*D. A. Hulett,* for respondent.

VAN HOESEN, J.—The rule governing this case is thus stated by Mr. Pollock in his work on Contracts, p. 251 : a surety is entitled to the benefit of every security which the creditor has against the principal debtor at the time the contract of suretyship is entered into, whether the surety knows of the existence of such security or not ; and if the creditor loses or without the consent of the surety parts with such security, the surety is discharged to the extent of the value of such security. The part of the rule especially applicable to this case, is that which limits the discharge of the surety to the extent of the value of the security of which the act of the creditor has wrongfully deprived him. Our own Court of Appeals, in *Vose* v. *The Florida Railroad Co.* (50 N. Y. 375), say : " it would be contrary to equity to discharge the surety *in toto* in consequence of a release by the creditor of a security without reference to its value."

A distinction is drawn between a change in the contract for the performance of which the surety is responsible, and a change in the securities which the creditor holds as collateral to the principal obligation. The slightest change in the contract will release the surety, for when the altered contract is made the foundation of an action against him, he can say, I never assumed any responsibility for the contract you sue upon. The contract, however, is not changed by a change or a release of security. The right of the surety to the securities which the creditor holds, does not rest upon contract, but upon the same principle of natural justice, upon which one surety is entitled to contribution from another (*Hayes* v. *Ward*, 4 Johns. Ch. 131).

That principle is thus enunciated by Messrs. Hare and Wallace in their note to *Rees* v. *Berrington* (Leading Cases in Equity, vol. 2, part 2, p. 370) : " whether the surety has made himself directly liable for the performance of the contract, or has merely guaranteed its performance by the principal, and

whether he appears on the face of the contract as surety, or has entered into a primary obligation as a co-contractor or co-obligor, he is equally within the equitable principle, that a party who incurs a liability for the benefit of another, is entitled to an indemnity, and that every one is bound to exercise his own rights, so as not to interfere with those of others. The former principle applies as between the principal and the surety, and the latter as between the surety and the creditor, and protects the rights conferred by the other." Again, at page 373, the annotators say, " the creditor cannot relinquish any hold, which he has actually acquired on the property of the principal, and which might have been made effectual for the payment of the debt, because he cannot arbitrarily shift the burden from the property of a party primarily liable, and impose it on another whose liability is secondary ; and a lien acquired cannot be relinquished, without discharging the surety, to an extent corresponding with its value."

The case of *Clarke* v. *Henty* (3 Younge & Coll. 187), is sometimes cited as an authority for the proposition that the taking of a second security in satisfaction of the first will discharge the surety, because it deprives the surety of the opportunity of proceeding upon the first, but the law seems to be settled in accordance with the text of Brandt on Suretyship and Guaranty (§ 373) : when by the act of the creditor, the surety has been deprived of the benefit of a fund for the payment of the debt, and the contract by which the surety is bound is not changed, he is only discharged to the extent that he is injured, as in such case it is the fact that he is injured that entitles him to the discharge. But where the creditor, in relinquishing security for the debt, alters the contract, the surety is wholly discharged, whether he is injured or benefited, because in such case it is no longer his contract.

When a security is relinquished, it becomes the duty of the creditor to show affirmatively that such relinquishment has not injured the surety. Satisfactory evidence to that effect was given in this case, and the learned justice who tried the cause has found that some of the chattels covered by the original mortgage had been worn out and had become worthless,

that the new mortgage covered the same chattels that were embraced by the old mortgage save those articles that had become worthless, and that the value of the chattels covered by the new mortgage, including the new articles brought in to replace old articles that had been worn out, exceeded the value of the property covered by the original mortgage. It was proved, therefore, that the surety had not sustained any injury by the substitution of poor articles in place of good ones, or by the substitution of the new mortgage for the old. The time of payment was not extended, nor was the contract of the creditor with the principal changed in any other respect. Upon this state of facts, the surety was not discharged, and the learned justice erred in giving judgment for the defendant.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide the event.

VAN BRUNT, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.