(14 Misc. Rep. 583.)

MERRILL v. REINERS et al.

(Supreme Court, Special Term, Kings County. December, 1895.)

MORTGAGES—SUBSEQUENT GRANTEE—RELEASE BY EXTENSION.

A mortgagee extended the time of payment of his mortgage, and a subsequent grantee of the mortgaged premises assumed payment of it. An assignee of the mortgage afterwards gave a further extension to another grantee, but commenced foreclosure proceedings before the expiration of the mortgagee's extension for default of interest. *Held*, that the first grantee was released from his assumption by the assignee's extension.

Action by Samuel D. Merrill, as general guardian, against Herman Reiners and others, to foreclose a mortgage.

John Brunnemer and John Oakley, for plaintiff.
Ira Leo Bamberger, for defendant Reiners.

GAYNOR, J. The land being owned by defendant Conklin, he made a mortgage thereon to defendant Bischoff for $3,000, dated November 1, 1894, to secure the payment of his bond for that amount, due on demand. He afterwards conveyed the land to defendant Reiners, subject to the mortgage. Later, viz. on November 12, 1894,

he entered into a written agreement with Reiners, by which the payment of the bond and mortgage was extended to November 1, 1895, and Reiners agreed to pay the same. Afterwards Reiners conveyed the land to defendant Thompson, subject to the mortgage, and Thompson conveyed to defendant Martin, subject to the mortgage, Martin also assuming the mortgage debt. Afterwards the said mortgagee, Bischoff, assigned the bond and mortgage to the plaintiff, and later, viz. on April 10, 1895, the plaintiff entered into a written agreement with the said owner, Martin, by which the payment of the said bond and mortgage was in terms extended three years from its date of November 1, 1894, which was an additional extension of two years. Though Bischoff, the mortgagee, had extended the time of payment to November 1, 1895, by agreement with defendant Reiners, while he was the fee owner, and the plaintiff, after the assignment of the bond and mortgage to him, had extended the payment thereof two years more, by agreement with Martin, the then fee owner, this action was begun on September 13, 1895, which was before the expiration of the first extension. It was begun upon a default in the payment of three months' interest, which had come due on August 1, 1895 (the interest being payable quarterly), and upon the election of the plaintiff to make the principal due for such default, as was his right by the terms of the mortgage. A deficiency judgment is prayed for against the said defendant Reiners. He resists it upon the ground that he became discharged from his liability for the mortgage debt by the said extension by the plaintiff to Martin, but it is contended that, as default was made before the period of the first extension had expired, and this action was brought thereon, he is liable. It is said that his agreement in the extension to him to pay the mortgage debt on November 1, 1895, could not be affected by the second extension until the period of that extension began. I do not see how this can be so upon principle. The rule is that for the payment of the mortgage debt the maker of the bond and mortgage and subsequent grantees who assume payment thereof stand successively in the relation of sureties to subsequent grantees who assume the said debt, and that their liability is discharged by an extension of the time of payment by the holder of the bond and mortgage to the owner. Calvo v. Davies, 73 N. Y. 211; Kane v. Cortesy, 100 N. Y. 132, 2 N. E. 874; Murray v. Marshall, 94 N. Y. 617; Paine v. Jones, 14 Hun, 577. It is said that the defendant Reiners was not injured by the second extension, as the period of it was never reached, and that, therefore, he is not discharged by it. But that does not seem to be allowable as a test. Courts will not enter into the question of what injury the surety sustained. The change in the contract effects such discharge, for he is not liable upon the changed or new contract, and that is the only one which can be sued upon. Calvo v. Davies, supra; Paine v. Jones, supra; Ducker v. Rapp, 67 N. Y. 473. When the contract was changed, defendant Reiners was not obliged to continue to pay the interest until the new extension period was reached in order to end his liability. If he had done so, he would not now be able to have himself subrogated to the security of the mortgage in order to reimburse himself thereby.

It is argued that the plaintiff did not know of defendant Reiners' liability, and that, therefore, the act of the plaintiff in extending the time could not have discharged him. Niemcewicz v. Gahn, 3 Paige, 614; Elwood v. Deifendorf, 5 Barb. 398. I do not see how that rule has any application here. The liability of Reiners for the debt passed to the plaintiff as incident to the bond and mortgage. The presumption is that he knew of it. In extending the time, the plaintiff knew that he was releasing all prior owners who had assumed the mortgage debt, and that is enough, for he was charged in law with knowledge that in the ordinary course there might be, and probably were, such assumptions.

Judgment for defendant Reiners, with costs.