(23 Misc. Rep. 415.

KEELER v. HOLLWEG et al.

(Supreme Court, Trial Term, Kings County. April, 1898.)

INDORSERS OF NOTE—RELEASE.

> Indorsers of a note are not released from their liability because the payee assigned the note, and his indorsee released a chattel mortgage given by the makers to secure the note, where at the same time the indorsee took a new mortgage of the same parties on the same chattels, and in terms exactly the same as the first, except the name of the mortgagee, where it was not shown that any priorities were affected by the change.

Action by Mary G. Keeler against Victor Hollweg and others. Judgment for plaintiff.

Action upon a promissory note, against the two makers, and the two payees as endorsers. The two endorsers answer, setting up as a defense that the plaintiff released a certain security given by the makers for the payment of the note, and thereby released the defendants as endorsers. The facts proved are

as follows: The plaintiff's husband sold his business and chattels therein to the said makers of the note. He agreed to take their note for part of the purchase price, payable in ten months, but exacted that they get endorsers of it, and also give back a chattel mortgage on the said chattels to secure its payment. They made a note payable to the answering defendants, and procuring their endorsement thereof, gave it to the said seller, and at the same time executed and delivered to him the said chattel mortgage, which by its terms was to secure the payment of the said note, and which was ample to pay the said note if foreclosed. Before the said note came due, viz., after it had run 42 days, the said seller transferred it and the said mortgage to the plaintiff, his wife, whereupon she cancelled and surrendered the said mortgage to the makers, and at the same time took from them a new mortgage to her on the said chattels, in terms exactly the same as the first one. When the said note came due, the makers being unable to pay it made a renewal note therefor to the order of the answering defendants, and having procured their endorsement to it as before, gave it to the plaintiff, and took up the first note. The said defendants so endorsed the second note without being informed or having any knowledge that the said chattel mortgage had been surrendered up and the new one substituted.

Eugene Frayer, for plaintiff.

J. T. Marean, for defendants.

GAYNOR, J.    These answering defendants stood in the relation of sureties to the plaintiff's husband for the payment of the note, and he held the chattel mortgage as security for its payment, not only in his own interest, but also as trustee for them. His duty under such trust was to preserve the said security, and, I suppose, to do whatever was necessary to keep it in life, and a prior lien, (to file it, for instance), and to turn it over to the defendants intact upon their paying the note. It must also be that it was permissible to him under the trust to do anything to strengthen the security, or make it better, such, for instance, as extending it to new or substituted chattels, for those worn out or destroyed, or exchanging it for an adequate mortgage on real property, or for a pledge of government bonds. I do not see how we may avoid this conclusion, having allowed that the relation is one of trust. His own interest required this, and it was equally for the interest of the sureties. He was not permitted to release the security, or diminish it, and to do so would discharge the sureties pro tanto. Such a total release in this case would discharge the sureties entirely, for the security was equal to the debt. Hayes v. Ward, 4 Johns. Ch. 123; Vose v. Railway Co., 50 N. Y. 369; Murray v. Marshall, 94 N. Y. 611. When the said note and mortgage were transferred to the plaintiff by her said husband, whether for value or not, she succeeded to his position in relation to these defendants. She released the said mortgage, but simultaneously took a new one of the same parties, on the same chattels, and of the very same words and tenor, but payable to herself.. The security was therefore in no wise diminished or affected, unless some priority slipped in by the change. I doubt if the burden is on the plaintiff to prove that such was not the case. It is not to be presumed that her act was in breach of her trust, or negligent, and detrimental to the sureties; but to the contrary, as is the general rule with trustees. She acted for her own interest, and for that of the sureties, and from the facts proved the security is the very same. It is not to be presumed that there were other mortgagees or creditors with liens, and that they got priority.

This case does not fall within the principle that where the contract which fixes the surety's liability is changed, he is ipso facto discharged, as is the case when the contract time for the principal to pay is extended. There the surety is discharged, because the contract holding him no longer exists and cannot be sued upon, and the new contract is not his contract. Merrill v. Reiners, 14 Misc. Rep. 583, 36 N. Y. Supp. 634. The question here involved depends upon equitable principles. If, as custodian of the security for herself and the sureties, she had violated her trust duty to the sureties, not to release or impair the security, equity would deprive her of her recourse against the sureties, pro tanto. It may not be easy to cite authority to that precise effect, but it seems to me that this principle of trust is the one which governs, and upon which the authorities may be harmonized and placed. Brandt, Sur. c. 17; Underhill v. Palmer, 10 Daly, 478.

Judgment for the plaintiff.