(28 App. Div. 544.)

METROPOLITAN LIFE INS. CO. v. STIMPSON et al.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

1. MORTGAGES—EXTENSION—CONSIDERATION.

An owner of real property who mortgages it to one person, and subsequently sells and conveys it, subject to the mortgage, to another, is not released from the obligation of his bond by a mere promise made without consideration, by the mortgagee to the grantee, extending the time for payment.

2. SAME—SALE BY MORTGAGOR.

A provision in a bond secured by a mortgage of real property that, in case the mortgagor should sell the property, he should still continue liable on the bond, notwithstanding any agreement between the grantee and the obligee extending the time or modifying the terms of payment, is not unconscionable, but amounts simply to a waiver of a rule of law which the obligor might otherwise invoke for his benefit.

Appeal from Kings county court.

Action by the Metropolitan Life Insurance Company against Edwin. C. Stimpson and others to foreclose a mortgage. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Alfred C. Coursen, for appellants.

David F. Butcher, for respondent.

WILLARD BARTLETT, J. This suit was brought to foreclose a mortgage, made by the defendants Stimpson and Devnell to the plaintiff. The mortgage was dated September 28, 1891, and was made to secure the payment of $6,000, with interest at 6 per cent. per annum, on October 1, 1894, except 10 per cent., which should be payable at the option of the mortgagee one year from the date of the instrument. The bond to which it was collateral was executed by Edwin C. Stimpson and George A. Devnell, and contained the following provision:

"It is expressly understood and agreed by and between the parties hereto that this obligation shall be and remain in full force and effect, and in no wise be impaired, until the actual payment of said sums to said obligees. And in case of a sale or transfer of any property embraced in a mortgage collateral to this bond, and in case of any agreement or stipulation between the owner or owners of said mortgaged property and the obligees extending the time or modifying the terms of payment above recited, then the above-mentioned obligor shall continue liable to pay the sum above secured, according to the tenor of any such agreement, unless expressly released and discharged in writing by the above-named obligees."

The defense of the appellants was that after the making and delivery of the bond and mortgage mentioned and described in the complaint, by a warranty deed dated August 10, 1896, they conveyed the premises to one Joseph R. Stein, who took the property subject to the mortgage; and that afterwards, on or about September 24, 1896, the plaintiff, for a good and valuable consideration, and without the knowledge of any of the appellants, entered into a valid and binding agreement with the said Joseph R. Stein, whereby the time for the payment of the amount secured by the mortgage, or some part thereof, was extended for a period of six months and six days. It was further averred in the answer that, owing to said extension, the value of the

premises had been so reduced that they might not realize sufficient to pay the amount found to be due upon the bond and mortgage upon a sale under a judgment in this action, although, at the time when the property was sold to the said Joseph R. Stein, it was of sufficient value to fully pay and discharge the bond and mortgage, together with the costs and expenses of foreclosure. On February 10, 1896, while the title was still in Messrs. Stimpson and Devnell, the manager of the plaintiff's real-estate department called upon them by letter for a payment of $500 in reduction of the mortgage loan on or before the 1st of April next ensuing. To this demand Messrs. Stimpson and Devnell responded in a note from Haverhill, Mass., asking as a favor that the plaintiff would not call on them to pay the $500 until October. In reply to the latter request, the manager of the real-estate department again wrote them, expressly consenting that they should delay payment of the $500 from April 1 to October 1, 1896. In the correspondence up to this time there was clearly nothing which could avail the appellants as a defense. The extension granted was granted at their own instance, and to themselves. On the 1st of September, 1896, the manager of the real-estate department of the plaintiff corporation, apparently having no knowledge of the transfer of the property to Stein in August, notified Messrs. Stimpson and Devnell that the payment of $500 on account of the call in reduction of the mortgage would be due and payable on the 1st of October. On the 24th of September, Mr. Stein communicated over the telephone with the manager, who thus seems to have learned for the first time that the property had been conveyed to that gentleman. Mr. Stein stated that Messrs. Stimpson and Devnell had not told him of the company's call for $500, and that he was not then in a position to make the payment. Thereupon the manager, under date of September 24, 1896, wrote to Mr. Stein as follows:

"In relation to the call for the payment of $500 in reduction of the mortgage of $6,000 on your Sixth street property, * * * in view of your having no knowledge of the notice sent to the previous owner of the property that we would expect the mortgage to be reduced, we consent to the payment of $500 being delayed until April 1, 1897. If you sell the property in the meantime, we would, of course, prefer that you do so subject to the mortgage reduced to $5,500, making the payment from the proceeds and at the time of transfer. We should like to have you advise us in writing that the call for the payment of $500 will be made by you as above, namely, on April 1, 1897."

Mr. Stein answered that he would do as the company desired, and that if he had the property until April 1, 1897, he would then reduce the mortgage to the amount of $500, as proposed.

The appellants rely upon the foregoing communication of September 24, 1896, as evidence of an extension which relieves them from liability upon the mortgage in suit. If effective at all, however, it related only to $500 of the $6,000 secured by the mortgage, and left the plaintiff at liberty to begin foreclosure proceedings at once, so far as the balance of $5,500 was concerned. But I do not see how it can be deemed a valid extension even as to $500. At most, it was merely a promise, unsupported by any consideration, that the payment of that amount might be delayed a few months. To have the effect of discharging the surety, an agreement between the creditor and the prin-

cipal debtor extending the time of payment must be one which can be enforced, and must also have a sufficient consideration, "so as to prevent the prosecution of the debt by the owner." Lowman v. Yates, 37 N. Y. 601. In the absence of any consideration moving from Mr. Stein to the plaintiff corporation, the plaintiff was not barred by the consent of September 24, 1896, from instituting a suit at any time to foreclose the mortgage.

Furthermore, I am unable to see why the stipulation in the bond, to the effect that its obligations should not be impaired by any extension of time, is not conclusive against the defense interposed by the appellants. In their behalf it is argued that this stipulation is void for uncertainty, and because it is unconscionable; but its meaning seems perfectly plain, and no sufficient reason is suggested why its enforcement would be contrary to good morals. It amounts simply to a waiver of a rule of law which the obligors might otherwise invoke for their benefit. The protection of such a rule may be waived by the party whom it would otherwise protect, in a civil case, where the waiver involves no question of morality or public policy. Sentenis v. Ladew, 140 N. Y. 463, 35 N. E. 650; Mayor, etc., of City of New York v. Manhattan Ry. Co., 143 N. Y. 1, 26, 37 N. E. 494. See, also, Cooley, Const. Lim. (6th Ed.) 214.

The judgment of the county court was right, and should be affirmed. All concur, except GOODRICH, P. J., who concurs in the result.