KEELER v. HOLLWEG et al.

(Supreme Court, Appellate Division. Second Department. January 31, 1899.)

LIABILITY OF INDORSERS—RELEASE.

The liability of the indorsers of a note secured by mortgage is not affected by the makers executing, without their knowledge or consent, a new mortgage on the same property, to secure a renewal note signed by such indorsers, where the security is not diminished, and no other lien obtains priority by the change.

Appeal from trial term, Kings county.

Action by Mary G. Keeler against Victor Hollweg and others. From a judgment for plaintiff (51 N. Y. Supp. 259), defendants Wiessner and Loch appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Josiah T. Marean, for appellants.
Alexander R. Gulick, for respondent.

WILLARD BARTLETT, J. The appellants have been held liable in this action as the indorsers of a $1,500 promissory note held and owned by the plaintiff. The payment of the original note, of which the note in suit was a renewal, was secured by a chattel mortgage to the plaintiff's husband, which he subsequently transferred to the plaintiff. At the time of this transfer, the makers of the note executed to the plaintiff a new chattel mortgage in place of the first one, upon the same property, and to secure payment of the same notes. The appellants claim to have been released from their obligation as indorsers by reason of the plaintiff's relinquishment of the old chattel mortgage, and acceptance of the new one, without their knowledge or consent. The learned judge who tried the case at special term decided against them, holding that in the absence of proof that the security had been diminished by the substitution of one mortgage for the other, or that any other lien had obtained priority by the change, the liability of the indorsers remained unaffected. We concur in this view. The case is not like that of Murray v. Marshall, 94 N. Y. 611, cited in behalf of the appellants, or the many similar cases in which it has been held that, where the terms of the contract have been essentially changed by the principal debtor without the surety's consent, the change operates to discharge the surety. Here there was no alteration of the contract. There was simply a substitution of securities, not shown to have been in any wise detrimental to the appellants. Indeed, as was truly said in the court below, "From the facts proved, the security is the very same." In Underhill v. Palmer, 10 Daly, 478, where the facts closely resembled those in the present case, the general term of the New York court of common pleas declared that, when a security is relinquished, it becomes the duty of the creditor to show affirmatively that such relinquishment has not injured the surety. We think this burden was sufficiently sustained here by the proof that, while the first chattel mortgage was ineffectual as to creditors by reason of the failure to file it, the mortgage taken in its stead on the

same property had been filed immediately. This proof sufficed to show that the appellants had lost nothing by the change. The judgment was right, and should be affirmed.

Judgment affirmed, with costs. All concur.