MARY G. KEELER, Respondent, *v.* VICTOR HOLLWEG and WILLIAM
V. REVERE, Defendants, Impleaded with OSCAR E. A. WIESSNER
and JACOB W. LOCH, Appellants.

*Promissory notes — when the indorsers thereon are not discharged by the owner's*
*acceptance of substituted collateral.*

The relinquishment, by the transferee of promissory notes, of a chattel mortgage
held as security therefor and the acceptance of a new mortgage upon the same
property to secure the same notes, does not, although effected without the
knowledge or consent of the indorsers of the notes, operate to discharge them
from liability thereon, in the absence of proof that the security has been dimin-
ished by the substitution of one mortgage for the other or that another lien
has obtained priority — particularly where the former mortgage was ineffectual
as to creditors by reason of the failure to file it, while the later one was filed
immediately,

APPEAL by the defendants, Oscar E. A. Wiessner and Jacob W.
Loch, from a judgment of the Supreme Court in favor of the plain-
tiff and against said defendants, entered in the office of the clerk
of the county of Kings on the 17th day of May, 1898, upon the
verdict of a jury rendered by direction of the court, and also from
on order directing the entry of said verdict and granting an extra
allowance.

*Josiah T. Marean*, for the appellants.

*Alexander R. Gulick*, for the respondent.

WILLARD BARTLETT, J. :

The appellants have been held liable in this action as the indorsers
of a $1,500 promissory note held and owned by the plaintiff. The
payment of the original note, of which the note in suit was a
renewal, was secured by a chattel mortgage to the plaintiff's hus-
band, which he subsequently transferred to the plaintiff. At the
time of this transfer, the makers of the note executed to the plain-
tiff a new chattel mortgage in place of the first one upon the same
property, and to secure payment of the same notes. The appellants
claim to have been released from their obligation as indorsers by
reason of the plaintiff's relinquishment of the old chattel mortgage

and acceptance of the new one without their knowledge or consent. The learned judge who tried the case at Special Term decided against them, holding that, in the absence of proof that the security had been diminished by the substitution of one mortgage for the other, or that any other lien had obtained priority by the change, the liability of the indorsers remained unaffected.

We concur in this view. The case is not like that of *Murray* v. *Marshall* (94 N. Y. 611), cited in behalf of the appellants, or the many similar cases in which it has been held that, where the terms of the contract have been essentially changed by the principal debtor without the surety's consent, the change operates to discharge the surety. Here there was no alteration of the contract. There was simply a substitution of securities, not shown to have been in anywise detrimental to the appellants. Indeed, as was truly said in the court below, "from the facts proved, the security is the very same."

In *Underhill* v. *Palmer* (10 Daly, 478), where the facts closely resembled those in the present case, the General Term of the New York Court of Common Pleas declared that, when a security is relinquished, it becomes the duty of the creditor to show affirmatively that such relinquishment has not injured the surety. We think this burden was sufficiently sustained here by the proof that, while the first chattel mortgage was ineffectual as to creditors by reason of the failure to file it, the mortgage taken in its stead on the same property had been filed immediately. This proof sufficed to show that the appellants had lost nothing by the change.

The judgment was right and should be affirmed.

All concurred.

Judgment affirmed, with costs.