ALICE N. PALMER v. GEORGE F. WHITE ET AL.

Argued February 26 and 27, 1900—Decided June 11, 1900.

1. A plea setting up extension of time of payment to the principal by the obligee of a bond must show a consideration for the agreement to extend, in order to give it legal effect as a release to the surety. In this respect it differs from the rule of pleading which applies to a declaration. .

2. After assumption of the mortgage debt by the grantee in a conveyance of the mortgaged premises, the obligor of the bond continues to be regarded as the principal debtor in an action at law against him on the bond.

3. To his plea of the statute of limitations a replication that his grantee of the mortgaged premises paid interest on the bond within sixteen years is faulty because it does not aver that it was paid by authority of the obligor. The mortgage debt is not discharged, but the remedy to enforce it against the principal debtor is taken away by the lapse of the limitation time.

On contract.  On demurrer to plea.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff, *James Palmer.*

For the defendants, *William A. Lewis.*

The opinion of the court was delivered by

VAN SYCKEL, J.  William White, on the 15th of March, 1855, gave his bond to Robert J. Brown for the sum of $8,000, and executed a mortgage on lands to secure it.

On the 30th of March, 1855, White conveyed the mortgaged premises to Elizabeth Moffatt, who, by the terms of the deed, assumed the payment of the mortgage.

She died, and her husband, John B. Moffatt, in July, 1855, became tenant by the curtesy.

The bond and mortgage has, by various assignments, come to the ownership of the plaintiff.

This suit is brought against the heirs and devisees of William White, the obligor of the bond, to recover the amount due thereon.

Among other pleas to the declaration, the defendant pleaded:

*First.* Extension of time of payment by agreement of plaintiff with the person who assumed the payment thereof, and without the consent of said White.

*Second.* The statute of limitations.

The plaintiff demurred to the plea of extension of time of payment, and the defendants joined in demurrer.

It is well settled that there must be a sufficient consideration to support the contract for extension of time in order to give it legal effect as a release to the surety. *Grover* v. *Hoppock,* 2 *Dutcher* 191; *Nightingale* v. *Meginnis,* 5 *Vroom* 461.

The plea fails to aver that any consideration was given for such extension of time.

A declaration on a contract to pay the debt of a third person need not state that it was in writing, but it is otherwise in a plea. 1 *Chit. Pl.* *237; *Case* v. *Barber,* T. *Raym.* 450; *Forth* v. *Stanton,* 1 *Saund.* 211a, *note l; Duppa* v. *Mayo, Id.* 277a, *n.*

The demurrer admits only such facts as are well pleaded, and assuming, as the plea does, that White was surety only upon said bond after the assumption by Elizabeth Moffatt, still the plea is bad for failure to set out a consideration for the extension of time.

But at law, White, after the assumption by Mrs. Moffatt, continued at law to be the principal debtor, and therefore also the plea is vicious, and the demurrer to it is well taken.

To the plea of the statute of limitations the plaintiff replied that John H. Moffatt, tenant by the curtesy, had paid interest on the bond up to 1889.

The defendants filed a rejoinder, setting up the making of the mortgage by White and the conveyance by him to Elizabeth Moffatt, in which she assumed payment of the bond and mortgage, whereby she became primarily liable to pay the bond, and that White was surety only, and that the payments

made on said bond were made by Moffatt and not by White or on his behalf.

To this rejoinder the plaintiff demurred, and defendant joined in demurrer.

As between White and his grantee, White in equity was a surety, but as to the mortgagee, White was at law a principal, and so continued.

The infirmity in this rejoinder is that it erroneously assumes that Elizabeth Moffatt, and not William White, is to be regarded as the principal debtor. But if this rejoinder is not good, we must go back to the first defective pleading.

The replication of the plaintiff that John H. Moffatt, the tenant by the curtesy, had paid interest on the bond up to 1889 is faulty, because it does not aver that he paid it by authority of White, and such payment, without such authority, cannot defeat the defence of the statute of limitations set up in the defendants' plea.

The liability of John H. Moffatt, if he was surety on the bond, and the right of action upon the mortgage security, might continue to exist, although at law the liability of the principal was subject to be defeated by the plea of limitation. The mortgage debt is not discharged, but only the remedy at law upon the bond as against the principal.

The liability of the principal and surety is not necessarily concurrent; that of the former may subsist after the latter is discharged, and *vice versa,* as was held in *Wagoner* v. *Watts,* 15 *Vroom* 126. The discharge of the principal in bankruptcy does not defeat the right of action against the surety, nor does the release of the surety impair the liability of the principal debtor.

Upon this ground it is, that a mortgage may be foreclosed, and the land sold, although the bond secured thereby is barred by the statute; nothing less than payment of the debt will satisfy the condition so long as the mortgage continues to be a binding legal obligation.

On the demurrer to the rejoinder there must be judgment in favor of the defendants.