ALBERT C. STEPHANY, ADMINISTRATOR, &c., v. ROBERT MORE.

Submitted March 23, 1911—Decided March 4, 1912.

1. The fact that, after two tenants in common have executed a bond to a third person, and have secured its payment by a mortgage upon their common property, one of them conveys all of his interest in the mortgaged premises to the other, and the latter as a consideration for the conveyance agrees to pay the mortgage debt, does not relieve the former, as against the holder of the bond, from his obligation to pay the money due upon it.
2. Other defences considered and overruled.

---

On demurrer to pleas.

Before GUMMERE, CHIEF JUSTICE, and Justice TRENCHARD.

For the demurrant, *Ulysses G. Styron.*

For the defendant, *Chandler & Robertson.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The declaration counts upon a bond, or writing obligatory, sealed with the defendant's seal, and by him delivered to the plaintiff, by the terms of which the defendant acknowledged himself to be held and firmly bound to the plaintiff in the sum of $3,200. The defendant pleaded several special pleas, each of which is demurred to by the plaintiff. The first of these pleas avers that the defendant, and one I. Whilden Moore, were joint owners of a piece of land in Atlantic City, and that, being such owners, they made and delivered to the plaintiff their joint bond, *being the writing obligatory declared upon in the declaration,* in the penal sum of $3,200, and at the same time executed and delivered to him their joint mortgage, pledging the said lands as security for the payment of the debt evidenced by the bond and mortgage. The plea then sets out that the plaintiff was barred by law from suing upon the bond until after the mortgage was foreclosed, and that there had been no foreclosure thereof prior to the beginning of the suit. This plea is demurred to upon the ground that it does not appear thereby that the writing obligatory pleaded therein is the same as that declared upon by the plaintiff. That this is not true in fact is apparent from a reading of the plea, for it is therein expressly stated that the bond referred to in the plea is "the writing obligatory declared upon in the declaration." It is said that this is demonstrably untrue, because the bond declared upon is averred to be the several obligation of the defendant, but an inspection of the declaration discloses no such allegation. The demurrer to this plea must therefore be overruled.

The next plea demurred to, after reciting the making of the bond and mortgage, sets out that there was a partition between the defendant and the trustees of I. Whilden Moore, deceased, of certain lands owned by them in common; that the lands which were pledged by the mortgage were, by the decree in the partition suit, set over in severalty to the trustees of I. Whilden Moore, subject to the lien of the mortgage, and that the trustees assumed and agreed with the defendant

to pay the mortgage debt. The plea then avers that by reason of this partition and assumption, the defendant became relieved of his obligation upon the bond, until after the foreclosure of the mortgage, and until after the plaintiff had exhausted his remedy against the estate of I. Whilden Moore for the collection of any deficiency remaining after the application of the proceeds of the foreclosure sale to the debt. This plea is bad; the plaintiff was not barred of his rights against the defendant under the bond by a partition proceeding to which he was not a party; nor was he under any obligation to exhaust his rights against the I. Whilden Moore estate before looking to the defendant for the balance remaining upon his debt after the application of the proceeds of the foreclosure sale. *Palmer* v. *White,* 36 *Vroom* 69. The demurrer to this plea must therefore be sustained.

The next plea demurred to sets out that the trustees of the I. Whilden Moore estate, being the owners of the mortgaged premises referred to in the earlier pleas, filed a petition in the Court of Chancery for the sale of the premises in question free and clear from any encumbrances; that under proceedings had upon this petition an order for such sale was made by the Chancellor, with a direction that the proceeds thereof should be applied to satisfy the mortgage debt; that the sale was thereupon made, and the proceeds thereof distributed as ordered by the Chancellor. The plea then avers that the defendant has no knowledge as to the amount of money raised by this sale, or of how much was paid to the plaintiff upon the mortgage debt, but asserts that by reason of these proceedings he has ceased to be indebted to the plaintiff. This plea also is bad. The plaintiff is entitled to be paid his debt, or so much of it as remains unsatisfied after the application of the proceeds of sale referred to in this plea. There is no presumption that the debt was fully satisfied by the application to it of the proceeds of sale of the mortgaged premises. The demurrer to this plea will also be sustained.

The next, and last, plea demurred to avers that the bond upon which the suit is brought was secured by a mortgage; that the mortgage was foreclosed to satisfy the mortgage

debt; that the proceeds of the foreclosure sale were applied thereto, and fully paid and satisfied that debt. This plea sets forth in a legal and orderly way a complete defence to the plaintiff's claim. The demurrer to it will be overruled.

Both parties succeeding in part upon these demurrers no costs will be allowed to either.