Philip Blumenthal *vs.* Louis Serota.

Cumberland.    Opinion July 7, 1930.

*Abraham Breitbard,*
*Harry Judelshon,* for plaintiff.
*Israel Bernstein,* for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ. MORRILL, A. R. J.

PATTANGALL, C. J. On exceptions. Verdict for defendant. The subject matter of this suit was a promissory note for $3,000 dated August 1, 1926, bearing interest at seven per cent, due two years after date, payable to plaintiff, signed by defendant and secured by mortgage on real estate.

Shortly after executing the mortgage, defendant conveyed the real estate to another who assumed the payment of the mortgage debt. Through a series of conveyances, in each of which the debt was assumed, the title finally on January 5, 1928 rested in Cavanaugh and Fahey, co-partners. Cavanaugh died and for some time prior to the bringing of the suit, Fahey acted for himself and the Cavanaugh heirs.

In February 1928, he paid plaintiff the six months' interest then due, as he also did in the following August. Prior to the latter payment, plaintiff notified him that the principal was about to become

due but nothing more was said about the matter until February 1929, when Fahey called on plaintiff for the purpose of paying another six months' interest.

Plaintiff then informed Fahey that he must have a higher rate of interest and finally Fahey paid him for the six months which had passed at the rate of ten per cent and agreed to pay at that rate for the next six months and for an indefinite period thereafter. No further payment was made by Fahey and shortly after the next interest date, this suit was brought.

Admitting his original liability on the note, defendant claimed that he was released therefrom because his grantees had assumed its payment, of which fact plaintiff had notice; that plaintiff's course of dealings with Fahey indicated his acceptance of Fahey as principal debtor; and that defendant's liability then became that of a surety only, from which liability the extension of time to Fahey operated as a discharge.

Plaintiff denied these claims. He admitted that the agreement between defendant and his grantees created the relation of principal and surety so far as they were concerned but denied that it in any way affected his rights. He did not admit knowledge of the conditions under which the property was transferred, certainly not that he had assented to the arrangement or that he had accepted Fahey as his principal debtor or that he had in any way released defendant from his original liability.

The issues were clearly drawn. Plaintiff made out a *prima facie* case by the introduction of the note in evidence. Defendant, through Fahey, proved the assumption of the mortgage debt by him and Cavanaugh and there was no controversy but that a like condition appeared in the various deeds of their predecessors in title back to the first deed given by defendant. The various payments of interest by Fahey to plaintiff, including the payment of the additional interest in February 1928 as consideration for a further extension of the note, and the understanding that so long as interest at ten per cent was paid, payment of the principal might be extended indefinitely, were undisputed. Fahey did not testify that the fact that he and his partner had assumed the payment of the mortgage was known to plaintiff. He assumed that the plaintiff

knew it, but the matter never was mentioned between them and so far as his testimony went, plaintiff may have believed that Fahey had purchased the property subject to the mortgage rather than that he had expressly contracted to pay the debt.

To prove knowledge on the part of plaintiff of the actual contract between defendant and his grantees, defendant then offered the record of the various conveyances to which reference has been made. This evidence was admitted under objection and subject to exception. No other evidence was offered and the case was submitted to the jury with the result stated.

This court has never passed upon the precise questions involved in this case. Upon some of them, there is a variance of opinion in the courts of other states, but there is practical, if not complete, unanimity in the decisions and among the text-writers concerning certain fundamental matters upon which it is possible to base a finding here.

It is well settled that the mere fact that defendant conveyed the mortgaged property to another, who assumed payment of the mortgage debt, would not of itself and apart from the effect of subsequent dealings between plaintiff and the grantee affect in any way defendant's liability, even if plaintiff knew of the arrangement, unless he assented to it. *Waters* v. *Hubbard*, 44 Conn., 348 ; *Boardman* v. *Larrabee*, 51 Conn., 39 ; *Rice* v. *Saunders*, 152 Mass., 108 ; *Palmer* v. *White* (N. J.), 46 Atl., 706 ; *Stephany* v. *More* (N. J.), 82 Atl., 731. Such a transaction would create the relation of principal and surety as far as the mortgagor and his grantee are concerned, but would not primarily disturb the original contractual relations existing between mortgagor and mortgagee. *Merriam* v. *Miles*, 69 Am. St. Rep., 731 ; *Hazle* v. *Bondy* (Ill.), 50 N. E., 671 ; *Peters* v. *Lindley* (Okla.), 211 Pac., 409 ; *Stove Co.* v. *Caswell* (Kans.), 16 L. R. A. (N. S.), 85 ; *City Institutions* v. *Kelil*, 262 Mass., 302.

If, however, a mortgagee with knowledge of the conveyance and assumption by the grantee of the mortgage debt extends the time of payment by a valid agreement between him and the grantee, such extension operates to discharge the original mortgagor unless assented to by him or unless the rights of the mortgagee, in this

respect, are expressly reserved. *North End Savings Bank* v. *Snow*, 197 Mass., 339; *Franklin Savings Bank* v. *Cochrane*, 182 Mass., 586; *Codman* v. *Deland*, 231 Mass., 344.

The assumption produces its most important effect, by the operation of equitable principles, upon the relations subsisting between the mortgagor, the grantee and the mortgagee. As between the mortgagor and the grantee, the grantee becomes the principal debtor primarily liable for the debt, and the mortgagor surety with all the consequences flowing from the relation of suretyship. The mortgagee, after receiving notice of the assumption, is bound to recognize the conditions of suretyship and to respect the rights of the surety in all of his subsequent dealings with them. His valid extension of the time of payment to the grantee, without the mortgagor's consent, would operate to discharge the mortgagor. 3 Pom. Eq. Jur. (3rd Ed.), 2409.

The rule rests upon the sound reason that a binding extension given by a creditor to a principal debtor without the consent of the surety releases the latter, because a surety is entitled to subrogation on payment of a debt. But by subrogation he only gets the rights the creditor actually has; therefore, where the creditor has postponed the debt, the surety on paying it can not sue the principal until the extension expires, but the surety, by the only contract to which he has consented, has a right to pay and sue the principal at any day after the debt matures. Hence the extension deprives him of his right, and from that fact the law conclusively presumes an injury to him and releases him from liability. *Travers* v. *Dorr* (Minn.), 62 N. W., 269. It is immaterial that no injury in fact to the original mortgagor be shown. *George* v. *Andrews* (Md.), 45 Am. Rep., 706. The courts will not enquire whether the mortgagor has been actually injured by the extension. *Merrill* v. *Reiners*, 36 N. Y. Supp., 634.

It is an essential condition to the discharge of the original mortgagor from liability that there be a valid agreement for extension supported by a sufficient consideration. *Met. Life Ins. Co.* v. *Stimpson*, 51 N. Y. Supp., 226.

But it being also essential that the creditor should assent to the arrangement between his debtor and the debtor's grantee in order

to relieve his debtor from primary liability, it is of course necessary that the creditor should know of the arrangement. One can not well assent to that of which one is ignorant. "If the extension of time of payment is to release the mortgagor, the creditor must know that the one to whom he granted the extension was a principal and the other a surety." 2 Washburn Real Property (4th Ed.), 218. Upon well settled principles, notice must be brought home to the holder of the mortgage before he can be charged with having violated the right of the maker of the note as a surety by extending the time of payment.

"When one of two obligors in a bond claims relief against the holder of the bond on the ground that he is surety for his co-obligor and that the creditor has given time to the principal debtor without consent of the surety, the surety, to entitle himself to exemption from liability, must show that the fact of the suretyship was communicated to the creditor. The privilege of the surety is a mere equity ánd can only be binding on those who have notice of its existence." *Kaighn et als* v. *Fuller et als*, 14 N. J. Eq., 419; *Wilson* v. *Foot*, 11 Metc., 287.

"A surety who sets up in his defense an extension without his consent must allege and prove that the holder of the obligation had notice of the suretyship. If the creditor does not know of it when he grants the extension, the surety is not thereby discharged." 1 Brandt Suretyship and Guaranty (3rd Ed.), Sec. 412; *Nichols* v. *Parsons*, 6 N. H., 30.

The necessity of proof of knowledge of the contract between mortgagor and grantee becomes readily apparent when it is remembered that a mere conveyance of the equity does not create the relation of principal and surety even as between the parties to the transaction. Unless the purchaser expressly assumes the payment of the mortgage debt, no such relation exists. *Heim* v. *Vogel*, 69 Mo., 535.

There is no direct evidence that the plaintiff knew that Fahey had assumed the payment of the mortgage debt. Against plaintiff's objection and subject to exception, defendant introduced the record of the deeds from defendant to his immediate grantee and from succeeding grantees down to and including the deed to Cav-

anaugh and Fahey, in each of which appeared the agreement to assume the mortgage debt. This evidence was offered and admitted as tending to prove knowledge on the part of plaintiff of the contract between the grantees and defendant. It was not admissible for this purpose. The registry of a deed is constructive notice only to after purchasers under the same grantor. *Roberts* v. *Richards*, 84 Me., 9; *Spoffard* v. *Weston*, 29 Me., 145; *Roberts* v. *Bourne*, 23 Me., 169; *Bates* v. *Norcross*, 14 Pick., 224.

This is affirmed in *Wolfe* v. *Murphy*, 47 App. D. C., 296, and in *Newby* v. *Harbison* (Tex.), 185 S. W., 642. These cases hold that the mortgagee was not charged with knowledge of the contract between the mortgagor and his grantee merely by reason of the fact that it was embodied in the recorded deed from the grantor to the grantee because the mortgagee was not bound to take notice of any document affecting the title to the land which was filed subsequently to the time when he acquired an interest in the property.

"The mere record of a subsequent conveyance by the mortgagor is not constructive notice of it to him (the mortgagee). It would not be reasonable to subject the mortgagee to the constant necessity of investigating transactions between the mortgagor and third persons subsequent to the mortgage. The record is constructive notice only to subsequent purchasers or those claiming under the same grantor." 1 Jones on Mortgages, 560.

Whether or not the jury might have been justified in inferring such knowledge on the part of Blumenthal from the course of his dealings with Fahey, was not submitted to them. The only reference in the charge of the presiding Justice to this matter is contained in the following paragraph:

"Sometimes when property is sold, it is recited in the deed that the buyer assumes that mortgage on the property and agrees to pay it. That is just the situation in this case. The buyer of this property, the new owner, agreed when he bought it to assume and pay this mortgage which was given in security of this note. In such a case, the maker of the note is not discharged from liability to pay that note but his obligation is to some extent changed. In a way, the buyer of the prop-

erty who has agreed to pay that mortgage stands in the role of principal debtor and the maker of the note, the man who has signed the note, is somewhat in the nature of a surety. We will refer to them for the purposes of this case as the principal debtor and the surety; that is, I will call the buyer of the property or the new owner the principal debtor and the original maker of the note the surety."

This either assumes that the record was sufficient proof of plaintiff's knowledge of the assumption of the debt by the grantee or that the fact of knowledge was immaterial. We assume the former, although the latter would be equally erroneous. No direct exception was taken to the instruction, but exception had been taken to the evidence upon which it was apparently based and in view of the charge, the error admitting the evidence was plainly prejudicial.

In view of this finding, it becomes unnecessary to consider the remaining exceptions.

*Exceptions sustained.*