JOHN S. RAMSEY, PLAINTIFF, v. A. DUNBAR HUTCHINSON, DEFENDANT.

Decided October 11, 1935.

For the plaintiff, *Harvey T. Salterthwaite.*

For the defendant, *David L. Smith.*

OLIPHANT, C. C. J. This matter is before me sitting as a Supreme Court commissioner on a motion to strike out the complaint.

The suit is for a deficiency on a bond. The defendant was a party defendant in the foreclosure proceedings. The property was purchased by the plaintiff on March 13th, 1935, at sheriff's sale, which sale was duly confirmed on March 25th, 1935. The deficiency is in the sum of $3,049.64.

Two defenses are interposed, the first based on chapter 88 of the laws of 1935 (*N. J. Stat. Annual* 1935, § 134-49(1), which defense has no merit and which was disposed of at the time of the argument of the motion. The second defense is that of the statute of limitations.

On November 14th, 1918, the defendant conveyed the land and premises, which were offered as the mortgage security to one St. Claire, by which conveyance the said St. Claire assumed the mortgage and agreed to pay the same. It is admitted that this defendant personally has paid no interest on the principal of the bond or mortgage for a period of more than sixteen years before the institution of the foreclosure proceedings. Interest was paid by St. Claire to and including the 24th day of May, 1932.

The first separate defense pleads the statute of limitations (3 *Comp. Stat., p.* 3165, § 6), as a bar to the action.

The reply sets forth that the payments of interest on the bond made by St. Claire, the grantee of the defendant, were made by the authority of the defendant Hutchinson by reason of the assumption clause in the deed made by Hutchinson to St. Claire which reads as follows: "This conveyance is made subject to a mortgage encumbrance in the sum of two thousand five hundred dollars, which the parties of the second part hereto hereby assume and agree to pay as part of the consideration hereof." There is no contention that the interest payments were made by express authority of this defendant.

The question presented is whether or not the running of the statute of limitations is interrupted as against the mortgagor by reason of payments of interest by a grantee of mortgaged premises who has assumed the debt.

There is apparently a conflict of authorities as to this question, but I am satisfied that the better and sounder rule answers the question in the negative.

In a situation as here presented, there are two rules existing in this state, one, the equitable rule wherein the grantor of a mortgage in a conveyance in which the grantee assumes the payment of a bond and mortgage becomes the surety upon the conveyance, the grantee being the principal; the other rule, that at law, that upon such a conveyance the grantor continues to remain the principal debtor. *Palmer* v. *White et al.,* 65 *N. J. L.* 69; 46 *Atl. Rep.* 706. The only theory upon which the plaintiff can stand is that St. Claire in paying the interest was the agent of Hutchinson.

The assumption clause in the deed from Hutchinson, the defendant, to St. Claire does not create the grantee the agent of his grantor for the payment of the interest on the mortgage. The payments by the grantee were made for two purposes, first, because of the contractural obligation existing between himself and his grantor and secondly, in order to keep alive the equity of redemption of which he had become the purchaser. They were made on his own account and for his own benefit and effected no change in the legal relations between the plaintiff and defendant. St. Claire did not act

as the agent of the defendant nor did he profess to be acting for him. St. Claire was not liable on the bond, but was liable to have his land taken for its payment. The liabilities of Hutchinson and St. Claire were separate and distinct. Neither party could do anything to increase the liability of the other. They were not joint promisors. Their two distinct promises neither coincided in time, nor were they with the same person, nor were they based on the same consideration. *Old Alms-House Farm* v. *Smith,* 52 *Conn.* 434. See, also, cases collected in 18 *A. L. R.* 1031, and 80 *Id.* 1436.

Counsel for the plaintiff relies on cases decided in our courts of equity where as heretofore pointed out a different rule exists and the English case of *Forsythe* v. *Bristowe, Exchequer Reports* 8 *Welsby, Hurlstone and Gordon,* 716, where the court said that "the assignee of the equity of redemption who covenants to pay the interest is sufficiently an agent for that purpose." The court gave no reason or authority for reaching its conclusions, which amounts to little more than *obiter dictum*.

The only jurisdiction which has consistently followed the rule opposed to the position I have taken is Louisiana. In that state their statute limiting actions is not comparable to ours.

In conformity with the foregoing, an order striking out the complaint may be presented.