■ INDIANAPOLIS MORRIS PLAN CORPORATION, Appellant, v. BERNARD E. KARLEN et al.; Respondents.— Appeal from so much of an order of the Supreme Court, Westchester County, dated November 1, 1967, as denied plaintiff's motion for summary judgment. Order affirmed insofar as appealed from, with $10 costs and disbursements. No opinion. Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the order insofar as appealed from and to grant plaintiff's motion for summary judgment, with the following memorandum: Plaintiff sues on a promissory note which defendants signed as comakers. The note was secured by a chattel mortgage on certain equipment in a restaurant in Florida owned by the corporate maker of the note, which had used the proceeds to finance the establishment of the restaurant. The maker sold the restaurant to a third party; and defaults under the terms of the note followed. The chief question raised by defendants on plaintiff's motion for summary judgment is whether they were discharged from liability because plaintiff had consented to, and acquiesced in, the substitution of gas cooking equipment for electrical equipment under the lien of the chattel mortgage. This act, urge defendants, impaired the right of subrogation to the lien of the mortgage which they would enjoy upon payment of the note. " The holder discharges any party to the instrument to the extent that without such party's consent the holder  *  *  * (b) unjustifiably impairs any collateral for the instrument given by or on behalf of the party or any person against whom he has a right of recourse " (Uniform Commercial Code, § 3-606, subd. [1] ). In its affidavits at Special Term, plaintiff denied that it had given its consent to the change in the security. On this appeal, however, it assumes, *arguendo,* that its consent was obtained to the substitution and argues that the terms of the note signed by defendants preclude their defense. Thus, the note provides in part " that no release of any or all of the security or of one or more of the makers, co-makers, sureties, guarantors or other parties hereto in any capacity, whether by operation of law or by any act of the holder of this note, shall release any other maker, co-maker, surety, guarantor or other party hereto in any capacity." A surety may consent contemporaneously to an alteration in the terms of the original engagement between the principal debtor and the creditor (*National Park Bank* v. *Koehler,* 204 N. Y. 174, 183; *Matter of Grottola,* 124 N. Y. S. 2d 85; 42 N. Y. Jur., Negotiable Instruments, § 604, pp. 270–271). Equally, he may consent in advance (*Standard Brands* v. *Straile,* 23 A D 2d 363). The rule has no exception where the change consists in the release of security. So the Uniform Commercial Code states in the provision quoted above; and the " Official Comment" on the section (see note under the section in McKinney's Cons. Laws of N. Y., Book 62-½, Part 2, p. 486) says that " Consent may be given in advance, and is commonly incorporated in the instrument ". Other authorities conclude likewise (*Ewing* v. *Mechanics Loan & Sav. Co.,* 61 Ga. App. 808; 10 Williston, Contracts [3d ed.], § 1223, p. 729; Stearns, Law of Suretyship [Elder's rev.], § 6.13; Restatement, Security, § 128, comment *c;* cf. *Bloom* v. *Bender,* 48 Cal. 2d 793; *Rauch* v. *First Nat. Bank,* 244 Ark. 941). Indeed, the rule is recognized in a dictum in *Marine Trust Co. of Buffalo* v. *Willis* (240 App. Div. 176, 179). No issue of public policy enters this record, for no agreement to surrender the principal debtor's right of redemption is here entailed (cf. *Hughes* v. *Harlam,* 166 N. Y. 427); but simply a waiver of a right which the comakers might invoke for their own benefit (cf. *Metropolitan Life Ins. Co.* v. *Stimpson,* 28 App. Div. 544, 547). If plaintiff acted in bad faith to destroy the security, that of course would interject a triable issue, for a creditor must use good faith in permitting the

substitution of security (*State Bank* v. *Smith*, 155 N. Y. 185, 199–200; *Keeler* v. *Hollweg*, 36 App. Div. 490). But defendants in their opposing affidavit invoke no question of plaintiff's bad faith in consenting to the change in the equipment. Bad judgment is the most that is asserted against plaintiff. Defendants on this appeal have claimed that a novation may have been the result of dealings between plaintiff and the purchaser of the restaurant. Nothing in the record sustains any such defense and it would be sheer speculation to infer it.