HARRY L. WILLIAMS, In Equity,

*vs.*

HENRY F. LIBBY, et al.

Somerset.   Opinion March 20, 1919.

*Power of court in equity to correct a mutual mistake of fact.   Rule as to subrogation*
*where the rights of third parties are prejudiced.*

1.   Where there was a mutual mistake of facts as to the condition of a title
intended to be conveyed, a court of equity will correct same.

2.   A mistake as to title is a mistake of fact, even though arising from an errone-
ous view of the legal effect of a deed.

3.   When money due upon a mortgage is paid, it may operate to cancel the mort-
gage or in the nature of an assignment of it, placing the person who pays the
money in the shoes of the mortgagee as may best subserve the purposes of
justice and the just and true interests of the parties.

4.   Equity will not declare the cancellation of a discharge of a mortgage when it
will result prejudicially to third parties, nor when the rights of third parties
have intervened.

5.   Subrogation will not be allowed so as to do injury to the rights of others.

Bill in equity asking that the discharge of a certain mortgage be
decreed as invalid and that said mortgage so discharged be decreed
to be in full force and effect.   Cause was heard upon bill, answer and
replication and proof.   From the decision of the single Justice, an
appeal was taken by defendants.   Judgment in accordance with
opinion.

Case stated in opinion.

*George W. Gower*, for plaintiff.

*Manson & Coolidge*, for defendants.

SITTING:   CORNISH, C. J., SPEAR, HANSON, WILSON, DEASY, JJ.

SPEAR, J.   This is a bill in equity based upon the following facts:
On August 15, 1907, Cora M. Everett, wife of Richard H. Everett,
was the owner of certain real estate situated in the town of Hartland

contiguous to land owned by the plaintiff. On that day Mr. and Mrs. Everett mortgaged this real estate to Carl M. Randlett, to secure the payment of three hundred dollars and interest. The mortgage was duly recorded. On December 13, 1913, the Everetts, and one Stanhope gave a note to the defendant bank for seventeen hundred dollars. On November 11, 1914, the bank placed an attachment upon Mrs. Everett's real estate, and caused a record to be made in the usual manner, but made no service on Mrs. Everett. On November 30, 1914, Mrs. Everett conveyed the same real estate to the plaintiff by warranty deed, representing it to be free from incumbrances, except the Randlett mortgage and two years' taxes. The mortgage debt the plaintiff assumed and agreed to pay.

The deed was recorded December 1, 1914. Richard H. Everett, her husband, quitclaimed his interest in this real estate by deed recorded January 16, 1915. On December 18, 1914, the defendant bank received a payment of $615, on its note. May 14, 1915, the plaintiff paid the Randlett mortgage and taxes amounting to $349.50, and the mortgage was discharged on the same day, acknowledged July 3, 1915 and recorded July 9, 1915. No service of the writ, upon which the attachment was made, having been made upon Mrs. Everett, the case was continued from term to term, until the April term 1916, at which term, after notice by publication, a default was entered for nine hundred and sixty dollars debt and twenty-seven dollars and twenty-two cents costs.

June 12, 1916, the defendant Libby acting for the bank, purchased this same real estate at sheriff's sale on the execution, issued on this judgment. The first knowledge the plaintiff had of this claim of the bank against Mrs. Everett and this attachment of her real estate was some two or three weeks before the sale. The evidence also shows that the plaintiff, during the time covered by these transactions, was much afflicted both physically and mentally. Under this state of facts the inference is inevitable that the plaintiff purchased the equity in this real estate and agreed to assume and pay the mortgage for the sole purpose of acquiring a good title in the property. It could not be contended for a moment that he intended to pay and discharge this mortgage for the benefit of the bank. It is equally clear that Mrs. Everett intended to convey to him a perfect title, except the mortgage and taxes. She had no knowledge of the attach-

ment. He had no knowledge of it. Hence there was a mutual mistake of facts as to the condition of the title which she intended to convey and which the plaintiff thought he was to receive. A mistake as to title is a mistake of fact, even though arising from an erroneous view of the legal effect of a deed. Words and Phrases, second series, Mistake of Facts, page 417, and cases cited. That a mutual mistake of fact may be corrected by equity needs no citation. We have no doubt, therefore, that as between these two parties equity will lie to correct the mistake. But she should be made a party, which can be done by amendment, and which, therefore, equity assumes to be done.

But the defendant contends, even so, the plaintiff was guilty of laches in not examining the records and finding out about the attachment. In view of the fact that no personal service was made on Mrs. Everett, as the plaintiff might naturally expect, if a suit had been brought; that he was put off his guard rather than on his guard, by this fact; and was in a physical and mental condition necessarily following the result of three paralytic shocks; we are of the opinion that the plaintiff cannot be charged with culpable negligence, in not taking the precaution to look up the record, and that he is excused from so doing under the principle laid down in *Cobb* v. *Dyer*, 69 Maine, 494.

Again the defendant invokes R. S., Chap. 86, Sec. 59 as a bar to the maintenance of the bill. This statute reads: "When a right of redeeming real estate mortgaged or taken on execution, is attached; and such estate is redeemed or the encumbrance removed before the levy of the execution, the attachment holds the premises discharged of the mortgage or levy, as if they had not existed."

But we think this statute applies to a discharge, in fact, and not to a discharge by mutual mistake, the validity of which may be set aside. The statute should be construed in the light of the principle laid down in *Kinsley* v. *Davis*, 74 Maine, 498. The court say: "The principle, which it seems may be abstracted from the cases is, that when money due upon a mortgage is paid, it may operate to cancel the mortgage, or in the nature of an assignment of it, placing the person who pays the money in the shoes of the mortgagee, as may best subserve the purposes of justice and the just and true interests of the parties." Such substitution is subrogation. *Stevens* v. *King*, 84 Maine, 291.

We are unable to discover how the subrogation of the plaintiff to the rights of the mortgagee, in this case, could infringe any of the rights of Mrs. Everett and the bill should be sustained with respect to her on the ground of mutual mistake of fact.

We now come to the vital issue in the case, would the subrogation of the plaintiff to the rights of the mortgagee infringe the rights of any third party? The bank is a third party. They had an attachment on this mortgaged real estate. The attachment when put on covered only the equity of redemption. Whatever that was worth the bank could recover and no more. They subsequently did nothing themselves which in the least enchances the value of their attachment or lien. The only advantage they have gained is through the money paid by the plaintiff, without any consideration whatever moving from them. They claim the benefit, solely, through the mistake of the plaintiff. The bank does not pretend to have earned a farthing of their claim. They simply say, the cold blood of the law permits them to take $349.50 of the plaintiff's money. Their only outlay was the costs of the sale, which the plaintiff in his bill offers to pay.

It is a well settled rule that equity will lie in such circumstances. In *Kinsley* v. *Davis*, 74 Maine, page 502 it is said: "Payment of a debt secured by a mortgage may operate as a discharge or an assignment as may best serve the purposes of justice, even though the mortgage be finally discharged." This case also holds that "an assignment of a mortgage to one who had assumed its payment would not avail as against the party with whom the agreement was made." In the case before us the plaintiff assumed the payment of the mortgage debt, but we have already seen that · there was a mutual mistake in regard to the existence of the attachment, which would have relieved the plaintiff in equity, hence the agreement to assume must be treated ·as cancelled.

It is also well settled that equity will not declare the cancellation of a discharge of a mortgage when it will "result prejudicially to third persons." *Cobb* v. *Dyer*, 69 Maine, 494; nor when "rights of third parties have intervened." *Kinsley* v. *Davis*, 74 Maine, 498, 501; *Cross* v. *Beane*, 81 Maine, 525. Subrogation will not be allowed "so as to do injury to the rights of others." *Stevens* v. *King*, 84 Maine, 291.

What rights of the bank, then, would the subrogation of the plaintiff to the rights of the mortgagee, infringe?

The defendant contends that, on an execution sale, "the law will not relieve the purchaser from a defective title and partial failure of consideration as, for instance, an outstanding incumbrance," and cites *Dresser* v. *Kronberg*, 108 Maine, 423. "So the execution to the amount of $700 has been satisfied, that is, the bank has lost the right to collect $700 from Cora M. Everett." The opinion cited does not go to the extent claimed. The language does not, and the spirit is entirely the other way. That case, to be sure, involved an entire failure of title to the property sold, but the logic and reasoning apply with equal force to a partial failure, the test being, not a partial failure of title, but the availability of placing the interested parties in statu quo. After discussing the right of the execution creditor, who is also the purchaser at the execution sale, to a new execution for the full amount, the court say: "Suppose the judgment creditor bids in the property at the sale and subsequently it is taken from him as the property of another. Clearly a new execution for the full amount would be granted." *Piscataquis County* v. *Kingsbury*, 73 Maine, 326. The situation is no different if the purchase has been made by another and the creditor has repaid the purchase price either voluntarily or involuntarily. The original purchase was under a mistake of facts and the remedy here asked puts the parties in statu quo. We are unable to discern why this principle does not apply to a partial failure of consideration as well as to a total failure, provided the machinery of the law can be so applied as to put the parties in statu quo. If this can be done, we think the plaintiff should be subrogated to the rights of the mortgagee.

Predicated upon the assumption of subrogation, that the mortgage was still unpaid and valid, the bank held on the day of the sale, by its attachment, a lien on the equity of redemption, only. Having sold the property and not the equity, as a matter of law the bank took nothing by the sale. There was accordingly as a matter of law a total failure of the consideration paid by the bank, and their execution was in no part satisfied, hence their case comes within *Piscataquis County* v. *Kingsbury*, 73 Maine, 326. But we think that equity requires the plaintiff to pay the bank whatever the equity, upon the day of the sale, was worth. He should also pay the costs of the sale. This would put the bank in statu quo so far as the plaintiff and the

bank are concerned. But another question arises. Notwithstanding the bank choose to sell the property of Mrs. Everett instead of proceeding against her personal property non constat that she did not have personal property with which she might have been able to respond, hence this question is open; but, if the bank, in view of its former proceeding, would avail itself of this defense, the burden is upon them to prove it. Upon this state of facts: Bill sustained. Case remanded. Defendants to execute and deliver release deed to plaintiff covering same interest derived under execution sale upon payment of the several sums to be determined by a single Justice or master as follows:

(1) Value of the equity of redemption in Mrs. Everett at date of sale.

(2) Costs of sale instead of above if equity had no value or if costs exceed value.

(3) Amount collectible from her at time of sale less amount now collectible. On this issue burden to be on defendants.

(4) Interest on sums payable from date of sale to date of payment.

*Decree in accordance with*
*this opinion.*