REID v. DOWD.

1. MORTGAGES—DEED AS MORTGAGE—LAND CONTRACT.
   Where transaction is one merely of loaning money and giving security therefor, relation created is that of mortgagor and mortgagee, notwithstanding transaction is evidenced by giving deed and taking back land contract.

2. VENDOR AND PURCHASER—GRANTOR MAY REPURCHASE ON CONTRACT.
   In absence of attempt to circumvent mortgagor's statutory right of redemption, there is no legal objection to transaction wherein grantor on same day takes back contract to purchase from his grantee property conveyed.

3. SAME—CONTRACT TO BE GIVEN EFFECT—INTENT.

Where transaction involves something more than mere loan of money, and incident deed with contract back is in accord with intent and agreement of parties, courts are bound to give effect to contract as consummated.

4. EQUITY—GIVING DEED EFFECT AS MORTGAGE.

Since doctrine of treating conditional sales as mortgage is creature of equity, it will not be applied when parties have unreasonably slept on their rights, and its application would lead to injustice, not equity.

5. VENDOR    AND    PURCHASER—MORTGAGES—TRUE    CHARACTER    OF TRANSACTION MAY NOT BE DENIED.

Where transaction under which grantors deeded land and took back contract to purchase involved purchase of other property by grantee, advancement of money to construct expensive apartment building on land deeded, and giving of mortgage thereon involving personal liability, grantors may not deny true character of transaction and claim it to be mortgage.

6. SAME—FORECLOSURE—RECORDING INSTRUMENT AS MORTGAGE—NOTICE—STATUTES.

Deed absolute upon its face may not be defeated as to purchaser from grantee by declaring it to be mortgage, where no instrument of defeasance was recorded, and purchaser had no actual notice that said deed was other than it purported to be (3 Comp. Laws 1929, § 13306).

7. SAME—COURT RULES—NOTICE OF SALE ON FORECLOSURE OF MORTGAGES NOT APPLICABLE TO LAND CONTRACTS.

Court Rule No. 50, § 5, providing for notice of sale under decree of foreclosure, has reference to foreclosure of mortgages and not of land contracts.

Appeal from Wayne; Collins (Joseph), J., presiding. Submitted January 12, 1932. (Docket No. 119, Calendar No. 36,199.) Decided March 3, 1932. Rehearing denied April 4, 1932.

Bill by W. G. Arthur Reid against Sarah Dowd, individually and as administratrix of estate of James J. Dowd, deceased, to foreclose a land con-

tract. Decree for plaintiff. Defendant appeals. Affirmed.

*Clarence W. Videan (Ralph E. Routier,* of counsel), for plaintiff.

*Frank A. Martin* and *Harold M. Shapero,* for defendant.

North, J. In 1913 James J. Dowd and Sarah Dowd, husband and wife, purchased property at the corner of Field and Agnes avenues in the city of Detroit. On the 12th of August, 1927, Mr. Dowd entered into an agreement with Jerry Oldenkamp, Inc., for the construction of a 31-family apartment with two stores at a price of $142,000. The contract provided that Dowd should give a warranty deed of the property to Jerry Oldenkamp, Inc., hereinafter called the builder, subject to a then existing $4,500 mortgage. Also, as a part of the same transaction, the builder purchased from Dowd his vendor's contract interest in another piece of property for a consideration of $5,000, which was later paid. In consummation of the plans contemplated by the contract, Mr. and Mrs. Dowd, on the 7th of November, 1927, executed and delivered to the builder a warranty deed of the premises in question, which was duly recorded; and on the same day the builder executed a land contract back to the Dowds, which provided for the payment to him of $142,000 in monthly payments of $1,300 each. Interest on the principal sum at the rate of seven per cent. per annum was to begin to accrue June 1, 1928, and the first monthly instalment to fall due July 1, 1928. November 29, 1927, Mr. and Mrs. Dowd executed a consent in writing with the builder to mortgage the

premises to the Bankers Trust Company for $70,000, and that the lien of this mortgage should be prior to the interest of Mr. and Mrs. Dowd in the property. This mortgage loan was subsequently consummated, and the mortgage duly recorded. In June, 1928, the Dowds went into possession of the completed structure, furnished 25 of the apartments, and conducted and managed the place as an apartment building. In August following, the builder conveyed its interest by warranty deed to the plaintiff, W. G. Arthur Reid, and also assigned him the vendor's interest in the land contract running to the Dowds. At this time on the face of the papers there was an unpaid balance to the builder of over $71,000. This interest was bought by plaintiff for substantially $36,000. Incident to this transaction, an abstract of title was submitted to plaintiff's attorney. This, together with the Dowd contract, disclosed to plaintiff and his attorney that it was executed on the same day that the Dowds had deeded to the Jerry Oldenkamp, Inc. Mr. and Mrs. Dowd were in possession of the property at the time plaintiff acquired his interest. The Dowds continued to operate the apartment building until Mr. Dowd's death, December 16, 1929. Thereafter Mrs. Dowd continued with the property, but was unable to keep up the payments on the contract. In November, 1930, plaintiff proposed that Mrs. Dowd turn the property over to him to manage, she to be hired as caretaker at the rate of $100 per month, and to have her apartment rent free. This proposal Mrs. Dowd, under the advice of counsel, declined to accept. Thereupon (November 5, 1930.) plaintiff filed a bill in chancery to foreclose the contract; the suit being instituted against Mrs. Dowd individually and as administratrix of the estate of her deceased husband. From

a decree of foreclosure, which directed sale by a commissioner, she appealed, but without filing a stay bond. Under order of the circuit court, sale of the premises was made. Appellant filed objections to confirmation of the sale, and from the order of the court overruling her objections she has also appealed. Incident to this latter appeal she filed a stay bond.

At the hearing of the foreclosure proceeding, appellant contended that the transaction wherein she and Mr. Dowd gave a deed of the premises to the Jerry Oldenkamp, Inc., and took back a contract on the same date, constituted a mortgage, that ·the plaintiff was chargeable with notice of the nature of the transaction, and upon foreclosure the rights of the defendant were those of a mortgagor rather than of a vendee under a land contract. From the adverse holding of the circuit court she appealed.

Many cases have been before this court involving the respective right of litigants who have been parties to transactions of this character. It has been held almost universally that the form of the instruments evidencing the transaction is not conclusive; but when the transaction is one merely of loaning money on the one hand and on the other promising to repay with security therefor, the relation has been held that of mortgagor and mortgagee, notwithstanding the transaction is evidenced by giving a deed and taking back a land contract. However, consideration must be given to circumstances which differentiate the nature of the transaction from being one of a mere loan, and also to all the facts or circumstances which will establish the true intention of the parties and which reveal the equities as between the parties. In the absence of an attempt to circumvent the mortgagor's statutory right of redemption, there seems to be no legal objection to

a transaction wherein the grantor on the same day takes back a contract to purchase from his grantee the property conveyed. And if the transaction involves something more than a mere loan of money, and the incident deed with the contract back is in accord with the intent and agreement of the parties, courts are bound to give effect to the contract as consummated rather than to create and substitute a different contractual relation between the parties.

"Since the whole doctrine of treating a conditional sale as a mortgage is the creature of equity, it will not be applied when the parties have unreasonably slept on their rights, and its application would lead to injustice, not equity." 19 R. C. L. p. 266.

In the instant case it will be noted that the transaction is not one merely covering the advancement of money as such, but, instead, the purchase of other property by Jerry Oldenkamp, Inc., from Mr. Dowd at a consideration of $5,000, the advancement of the means with which to construct an expensive income-producing building upon the land formerly owned by the Dowds, and also the giving of a $70,000 mortgage by Jerry Oldenkamp, Inc., to the Bankers Trust Company, incident to which presumably there is the personal liability of the mortgagor. In seeking the mortgage loan, Mr. and Mrs. Dowd executed a written consent wherein they recited, "we have purchased by land contract from Jerry Oldenkamp, Inc.," the property here in suit, and gave their consent that the $70,000 mortgage should be a lien prior and superior to their "interest as purchasers." Notwithstanding Mrs. Dowd's testimony that she understood the whole transaction to be a mortgage, we think she cannot be heard in denial of the true character of the transaction as evidenced by written documents which are wholly inconsistent with her

present claim. It would be both contrary to law and equity, especially in view of the investment of the Jerry Oldenkamp, Inc., and other circumstances disclosed by this record, to set aside the contract entered into between the parties and substitute one of an altogether different character.

"Contracts for repurchase, made contemporaneously with conveyances of real estate, absolute in form, are sometimes strong evidence tending to show that the conveyances are intended to be mortgages; but where it appears that the parties really intended an absolute sale, and a contract allowing the vendor to repurchase, such intention must control, and to ascertain the intention of the parties the court will look beyond the writings to the circumstances surrounding the transaction." (Syllabus) *Stahl* v. *Dehn,* 72 Mich. 645.

Appellant contends that, because the facts and circumstances were such as to charge plaintiff with knowledge of the exact nature of the transaction, he cannot in this foreclosure proceeding be considered in the light of a purchaser without notice. This question becomes of no particular importance, in view of our holding that, as between the original parties, appellant's contention could not be sustained. But we may also call attention to the pertinent provision of the statute:

"When a deed purports to be an absolute conveyance in terms, but is made or intended to be made defeasible by force of a deed of defeasance or other instrument for that purpose, the original conveyance shall not be thereby defeated or affected, as against any person other than the maker of the defeasance, or his heirs or devisees, or persons having *actual notice* thereof, unless the instrument of defeasance shall have been recorded in the registry of deeds of the county where the lands lie." 3 Comp. Laws 1929, § 13306.

See *Dalton v. Miller,* 248 Mich. 253.

Defendant's contention must fail, because this record does not establish "actual notice" to plaintiff before he purchased, and there was no instrument of defeasance recorded. In such cases the statute controls.

The circuit judge gave appellant 30 days from the date of the decree in which to pay the $13,911 found due, and, in default of such payment, ordered sale by the commissioner. The objection urged by appellant to the confirmation of the sale is that notice thereof was published by the commissioner before the expiration of the 30 days within which it was decreed she might pay the amounts then past due. This, it is asserted, is in violation of Court Rule No. 50, § 5. The objection is not well founded.

"This rule provides a practice to be followed in the foreclosure of mortgages. It has no application to land contracts." *Drysdale* v. *P. J. Christy Land Co.,* 248 Mich. 184.

See, also, *Craig* v. *Black,* 249 Mich. 485.

The decree entered in the circuit court is affirmed, with costs to appellee; provided, however, that the appellant may have 30 days from and after the filing of this opinion within which to redeem from the commissioner's sale. In accordance with appellee's motion, the decree here will provide that the sureties on appellant's bond are made parties hereto, and will be held liable to appellee in accordance with the terms of said bond. The cause will be remanded to the circuit court in chancery for such further proceedings, if any, as may be deemed proper.

CLARK, C. J., and McDONALD, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.