In re HOTEL ASSOCIATES, INC., Robert B. Miller, Stanton R. Miller, a partnership, "The Drake", Debtors.

Miriam H. McCANNON, 1512 Spruce Street, Apartment 1617, Philadelphia, Pa 19102, Plaintiff,

v.

David W. MARSTON, Trustee,

and

The Trustees of the Central States, Southeast and Southwest Areas Pension Fund

and

Hotel Associates, Inc., Robert B. Miller, Stanton R. Miller, a partnership, t/a "The Drake", Defendants.

Bankruptcy No. 79–02203K.
Adv. No. 81–0182K.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 15, 1981.

Janet M. Sonnenfeld, Philadelphia, Pa., for plaintiff.

Pace Reich, Philadelphia, Pa., for debtor.

Baldo M. Carnecchia, Jr., John Estey, Alison Douglas Knox, Philadelphia, Pa., for trustee.

David Marston, Philadelphia, Pa., trustee.

Peter M. Breitling, George B. Clothier, Philadelphia, Pa., Stephen Karotkin, Harvey R. Miller, New York City, for trustees of Central States, SE & SW Areas Pension Fund, etc.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the Court is the Complaint of Miriam H. McCannon for Relief from Stay pursuant to § 362 of the Bankruptcy Code. In addition, McCannon prays for specific performance of an agreement of sale entered into with debtor. Because we believe that the trustee, as a hypothetical bona fide purchaser, may avoid the interest of the prospective purchaser, judgment will be entered in favor of the trustee.[1]

On April 9, 1981, trial on the Complaint was heard. At the close of the plaintiff's case, the trustee moved for judgment. The facts are basically undisputed and construing them in a light most favorable to plaintiff may be briefly summarized as follows:

On March 19, 1973, McCannon and the debtor entered into an agreement of sale for Apartment 1617 located in The Drake Hotel together with a certain percentage of the common areas of the property. McCannon began residence in Apartment 1617 in April of 1975 and resides there at present. For a variety of reasons, settlement on the property has never taken place. In November of 1979, the debtor, trading as The Drake Hotel, filed a petition under Chapter 11 of the Bankruptcy Code. McCannon now seeks specific performance of the agreement of sale entered into in March of 1973. The trustee contends that, pursuant to § 544 of the Bankruptcy Code, the plaintiff's claim is barred.

The issue framed is whether the trustee, as a hypothetical bona fide purchaser, may avoid the interest of McCannon in the subject property.

Section 544 of the Bankruptcy Code reads in pertinent part that:

(a) The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

. . . . .

(3) a bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists.

Both parties are in agreement that the rights of the trustee, as a hypothetical bona fide purchaser, are governed by Pennsylvania law.

Under Pennsylvania law, at the time of signing an unconditional agreement for the sale of real property, the buyer acquires an equitable interest in the land. *Long John Silver's, Inc. v. Fiore*, 255 Pa.Super. 183, 386 A.2d 569, 572 (1978). This rule is consistent with the common law rule regarding unrecorded deeds and agreements of sale whereby a buyer acquires an equitable interest in the land. *Id.* McCannon argues that the agreement at issue was unconditional and not an option. The only purported condition, that a valid condominium be created at The Drake Hotel occurred in 1973. Finding no language evidencing a conditional contract, we conclude that the agreement of sale was unconditional and that McCannon acquired an equitable interest at the time of signing.

---

**1.** This opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

The Pennsylvania recording statute,[2] however, protects subsequent purchasers by giving a subsequent bona fide purchaser for value without notice of a prior transaction, priority over the equitable estate of the first owner. *Id., Lund v. Heinrich*, 410 Pa. 341, 189 A.2d 581 (1963).

Plaintiff cites us to cases that require the subsequent buyer to be without notice of the prior equitable interests of others in order to qualify as a bona fide purchaser. *See Overly v. Hixson*, 169 Pa. Super 187, 82 A.2d 573 (1951). It is also true that either actual or constructive notice is normally sufficient to prevent the purchaser from acquiring bona fide purchaser status. *Id.* Because constructive notice is not limited to instruments of record, a subsequent purchaser may be bound by constructive notice of a prior unrecorded agreement. *Id., Long John Silver's, Inc. v. Fiore, supra.*

Counsel for plaintiff has done a commendable job of raising this novel issue and has effectively briefed and argued the points of law.

Congress, however, has seen fit to include in § 544 of the Code, the language "without regard to any knowledge of the trustee or of any creditor." As stated, the failure to record the agreement of sale is "adjudged fraudulent and void as to any subsequent bona fide purchaser ..." 21 P.S. § 351. It appears that Congress has removed the lack of knowledge requirement as it affects the trustee. The trustee, under the Code, takes as an ideal hypothetical bona fide purchaser regardless of whether he has knowledge of a prior transaction.

Upon his qualification, the trustee became vested with all existing interests in property of the estate and the ability to avoid as a hypothetical bona fide purchaser. The Rules of Bankruptcy Procedure require the trustee, as title holder, to record a copy of the petition in the county recorder's office, if required. *See* Rule 602(a). In this county, the mere filing of the petition is notice of the trustee's interest in the property. There is no requirement that he actually record title in order to acquire bona fide purchaser status.

As stated by Congress, the trustee in bankruptcy may avoid as a bona fide purchaser "without regard to any knowledge of the trustee or of any creditor." Implicit in this status is his ability to avoid the equitable interest of the plaintiff.

Accordingly, the complaint for relief from stay and specific performance will be denied and the trustee's motion for judgment will be granted.

**2.** Act of May 12, 1925, P.L. 613, § 1; June 12, 1931, P.L. 558, No. 191, § 1; 21 P.S. § 351 provides:

"All deeds, conveyances, contracts, and other instruments of writing wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands, tenements, or hereditaments situate in this Commonwealth, upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office of the recording of deeds in the county where such lands, tenements, and hereditaments are situate. Every such deed, conveyance, contract, or other instrument of writing which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office of the county in which the lands, tenements, or hereditaments are situate, without actual or constructive notice unless such deed, conveyance, contract, or instrument of writing shall be recorded, as aforesaid, before the recording of the deed or conveyance or the entry of the judgment under which such subsequent purchaser, mortgagee, or judgment creditor shall claim. Nothing contained in this act shall be construed to repeal or modify any law providing for the lien of purchase money mortgages."