**In the Matter of S. Thomas TROTTA and Joan A. Trotta, Debtors.**

**Bankruptcy No. 2–80–00810.**

United States Bankruptcy Court,
D. Connecticut.

· July 20, 1981.

Ronald Weiner, West Hartford, Conn., for debtors.

Joseph Neiman, Newington, Conn., Trustee.

## MEMORANDUM AND DECISION

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

The debtors, S. Thomas Trotta (Thomas) and Joan A. Trotta (Joan), husband and wife, filed a joint petition pursuant to 11 U.S.C. Chapter 13 on August 7, 1980. The original plan filed by the debtors called for payment of 100% of unsecured claims. At the confirmation hearing on that plan the debtors acknowledged their solvency. The

court denied confirmation of the plan in a Memorandum and Order dated November 18, 1980, on the grounds that given the solvency of the debtors, the proposed payment of 100% of unsecured claims without interest over a period of approximately four years, was not the equivalent of 100% payment in hand. Thus, the Trottas' plan did not meet the requirement of 11 U.S.C. § 1325(a)(4) that a Chapter 13 plan must provide not less than a Chapter 7 liquidation on the effective date of the plan if it is to be confirmed. The court granted leave to file an amended plan.

Thereafter, on February 10, 1981, the Trottas filed an amended plan calling for 100% of payment of unsecured claims plus 6% interest on the unpaid balance during the life of the plan. At a hearing on confirmation of this amended plan on February 27, 1981, it appeared that the Trottas' original schedules were filed in error inasmuch as certain real property (property) was attributed to their joint ownership, when, in fact, title reposed in Joan. Subsequently, amendments to schedule reflecting sole ownership in Joan were filed. A hearing was held on confirmation of the amended plan on June 26, 1981, at which time the Trottas filed a Memorandum setting forth their claims of law.

Two issues are raised by the Trottas. First, they claim that notwithstanding the fact that Joan is owner of record of the property originally scheduled as joint property, Thomas is entitled to claim his homestead exemption in the property because he has a cognizable interest in the property under various theories of equity including resulting or constructive trust. The effect of this would be to render the debtors insolvent[1] and thus not required to include interest in their plan. Second, the Trottas say that if two exemptions against the property are not permitted, thereby leaving them solvent, the court should find that the 8% rate provided for by Conn.Gen.Stat.

---

1. *11 U.S.C. § 101(26).* "Insolvent" means—
 (a) ... financial condition such that the sum of [an] entity's debts is greater than all of such entity's property, at a fair valuation, exclusive of— ...

(ii) property that may be exempted from property of the estate under section 522 of this title ....

37–1 as the legal rate of interest, in the absence of agreement to the contrary, is an appropriate rate under their plan.

 The Trottas aver that Thomas may claim his exemption from the property because he has a right of use and occupancy therein, is obligated on the mortgage note, and has contributed substantially to the down payment on the property and the monthly mortgage payments. They note that under Connecticut law, even though title to property lies in one spouse, where payments are made by the other spouse, a resulting trust may be found in the latter's favor. They say that where a legal interest is understood to be held by one for the benefit of another, a constructive trust may be found. Having thus asserted that Thomas has a substantial equitable interest in the property, the Trottas note that 11 U.S.C. § 541(a)(1) specifically includes such equitable interests within the definition of "property of the estate" and that "accordingly, the Debtor is entitled to consider it property for purposes of claiming an exemption under 11 U.S.C. Section 522(d)(5)". This conclusion to their syllogism is not valid. Although equitable interests of the debtor at the commencement of the case are property of the estate, it does not follow that such interests are automatically subject to claims of exemption. Clearly, nothing in § 541 abrogates basic rules of property, including that which states that bona fide purchasers or lien creditors of real property without knowledge of existing equities take free of such equities. This court applied such a rule in *Matter of Hulk*, 8 B.R. 444, 7 B.C.D. 339 (Bkrtcy.1981). In *Hulk*, a wife transferred her one-half interest in real property to her husband prior to the filing of their joint petition. Thereafter, certain creditors placed attachments on the property. Subsequently, but still prior to filing, the husband transferred back to the wife her half-interest in order that she might claim her statutory exemption in it. This court held that even though the wife "was at all times the equitable or beneficial owner of the one-half interest in the prop-

erty ..." and "... could have obtained restoration of title at any time", nevertheless, at the time the attachments were placed on the property, the husband was the sole owner of record, and under Connecticut law, lienors are not subordinated to unrecorded equities of which they have no knowledge but may rely on record title. *Id.*, 8 B.R. 444, 7 B.C.D. at 341. The wife's half-interest remained subject to the attachments and she could not avoid them pursuant to § 522(f) as impairing her exemptions.

 Applying the same logic to the proceeding at bar, I hold that at the date of filing, the trustee of Thomas' estate acquired a lien creditor's and bona fide purchaser's right in the property, pursuant to 11 U.S.C. § 544, which is superior to the right of Thomas to seek reconveyance of his unrecorded equitable claim to a one-half interest in the property, I find that Thomas' interest in the property is not such an interest as to permit him to claim his exemptions under § 522(d)(1) and (5),[2] and hold that the Trottas' joint estate is solvent. Payments under any Chapter 13 plan must, as I held in my memorandum of November 18, 1980, include interest sufficient to fulfill the requirements of § 1325(a)(4). The Trottas' claim that the interest rate to be adopted by the court for these purposes should be the legal rate of 8% provided for by Connecticut statute. However, the proposed plan currently before the court calls for 6% interest and not 8%. I hereby grant leave to the Trottas to file within 30 days an amended plan calling for 8% interest on payments of 100% of unsecured claims, such plan then to be sent to creditors, hearing on confirmation of such second amended plan to follow in due course.

---

**2.** Accord: *In the Matter of Cunningham*, 5 B.R. 709, 6 B.C.D. 863 (B.C.D.Mass.1980).