In re FIELDCREST HOMES, INC., Debtor.

U. S. LIFE TITLE INSURANCE COMPANY OF NEW YORK, Plaintiff,

v.

William LESTER, Trustee.

Bankruptcy No. 80 B 3422.
Adv. No. 81 A 1813.

United States Bankruptcy Court,
N. D. Illinois, E. D.

March 31, 1982.

---

Sidley & Austin, Edna S. Epstein, Chicago, Ill., for U. S. Life.

William Lester, Lombard, Ill., trustee.

MEMORANDUM AND ORDER

ROBERT L. EISEN, Bankruptcy Judge.

This matter came to be heard on the trustee's motion to dismiss the adversary

---

4. *Matter of Bryne*, 5 B.R. 556 (Bkrtcy.W.D.Pa. 1980); *In re Ratmansky*, 2 B.R. 527 (Bkrtcy.E.D. Pa.1980).

complaint filed against him by U. S. Life. The complaint seeks to impose a constructive trust on virtually all the assets of Fieldcrest Homes, Inc. (Fieldcrest) now in the trustee's hands.

The complaint alleges that Fieldcrest and Independence Land Title Corporation of Illinois (Independence) are related corporations with certain common officers and directors. U. S. Life alleges that Independence collected escrow monies from home-buyers but then failed to use the money to pay off construction mortgagees and sub-contractors. U. S. Life as underwriter of the title insurance policies has had to pay off more than $300,000 in claims made upon the policies. U. S. Life contends that Independence diverted the escrow monies to Fieldcrest and that therefore a constructive trust should be placed on over $300,000 worth of Fieldcrest's assets.

The trustee contends that pursuant to Illinois law a constructive trust cannot be imposed upon a bona fide purchaser for value. The trustee then contends that 11 U.S.C. § 544(a)(3) grants him the powers of a bona fide purchaser. Thus, he seeks dismissal of U. S. Life's complaint.

Though the court finds serious weaknesses in U. S. Life's complaint, the court feels dismissal is improper at this time. Contrary to the trustee's contentions, constructive trusts can be enforced against a bankruptcy trustee, notwithstanding his status as a bona fide purchaser pursuant to § 544(a)(3).

> One of the more common forms of constructive . . . trusts created by conduct is that of a trust ex-malefico . . .
>
> Where the existence of a trust has been established, the bankruptcy trustee will be ordered to turn over the property or proceeds subject, of course, to the doctrines of tracing . . .

*4 Collier on Bankruptcy*, § 541.13, (15th Ed. 1979).

Section 544(a)(3) grants the trustee avoiding powers which enable him to avoid certain unperfected pre-petition transfers of the debtor's property. However, where a constructive trust is imposed, the trustee only holds bare legal title to the property for the benefit of the beneficiaries. 11 U.S.C. § 541(a). If the trustee's position in the instant case was upheld, constructive trusts would never be enforceable in bankruptcy, and the above-quoted language from *Collier* would be mere surplusage. Thus, although the law in Illinois may hold that a constructive trust cannot be imposed against a bona fide purchaser, this court holds that a constructive trust can be imposed against a bankruptcy trustee notwithstanding his status pursuant to 11 U.S.C. § 544(a)(3).

However, there is considerable doubt whether a constructive trust can be shown by clear and convincing evidence in the instant case:

> Once the trust relationship has been established, [the claimant] must identify the trust fund or property in the estate, and if such fund or property has been mingled with the general property of the debtor, sufficiently trace the trust property. If the trust fund or property cannot be identified in its original or substituted form, the [claimant] becomes merely a general creditor of the estate.

*Collier, supra.* (footnotes omitted). *See* also, this court's opinion in *U. S. Life Title Insurance Company of New York v. Jay Steinberg*, —— B.R. ——, 80 B 3675, 81 A 0969, decided March 31, 1982.

WHEREFORE, IT IS HEREBY ORDERED that the motion of William Lester, trustee, to dismiss the pending adversary complaint no. 81 A 1813 be and hereby is dismissed.