**In the Matter of Paul Michael MAZZETTI and Kathleen Marie Mazzetti, Debtors.**

**William WINSHALL, Trustee, Plaintiff,**

v.

**Paul Michael MAZZETTI, Kathleen Marie Mazzetti, Ardino Mazzetti, Phyllis Mazzetti, jointly and severally, Defendants.**

**Bankruptcy No. 80–02202–B.
Adv. No. 80–1910.**

United States Bankruptcy Court,
E. D. Michigan, S. D.

May 28, 1982.

William Winshall, Southfield, Mich., for trustee.

Michael J. Solner, Birmingham, Mich., for defendants.

### MEMORANDUM OPINION

GEORGE BRODY, Bankruptcy Judge.

Ardino and Phyllis Mazzetti (parents) purchased a residence in Berkley, Michigan in November of 1975, for $26,000.00.  The Mazzettis made a down payment of approximately $6,000, and financed the remainder of the purchase price by obtaining a mort-

---

gage from the Standard Federal Savings and Loan Association. In November of 1978, the Mazzettis deeded this property to their son and his wife, Paul and Kathleen Mazzetti (debtors) for use as their residence. The deed was promptly recorded by the debtors. In consideration for the transfer, the debtors agreed to assume the mortgage payments and to repay the cash down payment of approximately $6,000. Thereafter, the Mazzetti's continued to help the debtors financially by making some of the mortgage payments and by lending them other sums of money. In March of 1980, the debtors conveyed a second mortgage on the property to the Mazzettis to secure the repayment of approximately $13,500, the amount of the debt owing to the Mazzettis at that time. This mortgage was recorded on April 1, 1980. On April 29, 1980, the debtors filed a voluntary petition for relief under Chapter 7.

The trustee instituted this action to invalidate the mortgage held by the Mazzettis contending that the granting of the mortgage constituted a preferential transfer within the meaning of section 547 of the Bankruptcy Code. After settlement negotiations failed, the trustee moved for summary judgment.

■ Under section 547 of the Bankruptcy Code, a trustee may avoid any "transfer of property of the debtor—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt;

(3) made while the debtor was insolvent;

(4) made—

(A) on or within 90 days before the date of the filing of the petition; or

(B) between 90 days and one year before the date of the petition, if such creditor, at the time of such transfer—

(i) was an insider; and

(ii) had reasonable cause to believe the debtor was insolvent at the time of such transfer; and

(5) that enables the creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title.

The mortgage was conveyed and perfected within 90 days of the filing of the petition in bankruptcy.[1] The mortgage was given to satisfy a prepetition debt. For the purpose of this motion, the debtor is presumed to have been insolvent when the mortgage was conveyed. § 547(f).[2] The trustee asserts, and the creditors do not deny, that the lien, if not subject to invalidation, will secure to the parents a larger distribution than they would receive as unsecured creditors. The conveyance of the mortgage interest in the property to the Mazzettis was, therefore, a preferential transfer and is avoidable by the trustee.

■ The Mazzettis attempt to avoid the impact of section 547 by contending that when they transferred the property to the debtors in 1978, they retained an equitable interest in the property to secure the repayment of the $6,000, and that the later perfection of the mortgage by filing dates back to the date of the original transfer. Under Michigan law, equitable mortgages are enforceable against the original parties involved. They are not, however, enforceable against subsequent bona fide purchasers. *Dalton v. Miller*, 248 Mich. 253, 226 N.W. 826 (1929). M.C.L.A. § 565.32. By virtue of section 544(a)(3), a trustee has the

---

1. Since both the conveyance of the mortgage and its perfection took place within 90 days of the filing of the petition in bankruptcy, there is no need to determine when a transfer is effective as against a trustee in bankruptcy. See section 547(e)(1)(A).

2. Since this transfer was between "insiders" as defined by 11 U.S.C. § 101(25), it is subject to avoidance even if it had occurred at a time during the year previous to the filing of the petition. In that case, however, the trustee must prove that the transferee had reasonable cause to believe that the debtors were insolvent at the time of the transfer.

status of a "bona fide purchaser of real property from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists." Since under Michigan law the alleged equitable lien would be invalid as against a bona fide purchaser, it is invalid as against the trustee in bankruptcy. *In re Hotel Associates, Inc.*, 10 B.R. 668, 7 B.C.D. 612 (Bkrtcy.E.D.Pa.B.J.1981). Nor is there any support for the argument that perfection of an equitable mortgage dates back to the original transfer. A purchaser has constructive notice of a security interest as of the time of perfection. M.C. L.A. § 565.25; *Reid v. Dowd*, 257 Mich. 492, 241 N.W. 174 (1932). Accordingly, the fact that the Mazzettis may have had an equitable interest in the property outside of the 90-day period does not insulate its security from attack under section 547 if the security interest was not perfected prior to 90 days before the filing of the petition in bankruptcy.

Accordingly, the trustee's motion for Summary Judgment is GRANTED.

An appropriate order to be submitted.