**In re Vincent PRIBISH Dorothy Pribish Amvent Enterprises, Inc., Debtors.**

**Bankruptcy Nos. BK–79–553 to BK–79–555.**

United States Bankruptcy Court, D. Maine.

Nov. 9, 1982.

John Whalen, Platz & Thompson, Lewiston, Maine, for Watie and Ellen Akins.

Jim Mitchell, Augusta, Maine, for Francis X. and Clare Lamb.

Louis Kornreich, Gross, Minsky, Mogul & Singal, Bangor, Maine, for debtors.

M. Ray Bradford, Jr., Bangor, Maine, trustee.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

On September 6, 1979, Dorothy Ann Pribish and Vincent R. Pribish filed petitions under chapter XII of the Bankruptcy Act of 1898. They were adjudicated bankrupts on July 6, 1981.

On September 6, 1979, Amvent Enterprises, Inc. filed a petition under chapter XI of the Act. All of the stock of the corporation is owned by Dorothy and Vincent Pribish. On July 6, 1981, Amvent Enterprises, Inc. was also adjudicated a bankrupt.

The Pribishes and Amvent owned and developed real estate. Prior to filing their petitions, the Pribishes conveyed real estate located in Monmouth to Watie and Ellen Akins. The Monmouth real estate was, in

fact, owned by Amvent. Record title remains in Amvent.[1]

The Pribishes and Amvent seek authority to exchange deeds to give record title to the Akinses. The court considers the debtors' motion to be an application for a deed reformation. The court ordered notice of the motion mailed to all creditors and interested parties. Objections were filed by two creditors. The trustee of the Amvent estate opposed the motion at oral argument.

## DISCUSSION

On September 6, 1979, when Amvent's petition was filed, a search of the registry of deeds would have revealed that record title was in Amvent. The recording of the deed from the Pribishes had no effect because it was outside the chain of title. Maine Revised Statutes Annotated, title 33, sections 201–210 (1978). A recorded deed is constructive notice only to subsequent purchasers or those claiming under the same grantor. *Blumenthal v. Serota,* 129 Me. 187, 151 A. 138 (1930).

As of the date of the filing of the original chapter XI petition, Bankruptcy Rule 122(1), Amvent's trustee was clothed with the rights and powers of a lien creditor. Section 70(c)(3) of the Act.[2]

The issue presented is whether the court may properly allow the proposed exchange of corrective deeds. In deciding this issue, the court must examine the effect of the trustee's status as hypothetical lien creditor on one who claims an unrecorded equitable interest in real estate.

Section 70(c) was designed to allow the trustee to attack secret transfers and gives the trustee the status of the "ideal creditor." 4 *Collier on Bankruptcy* ¶ 544.-01–.02 (15th ed. L. King 1982). Although section 70(c) confers lien creditor status on

the bankruptcy trustee, state law determines the rights of the trustee as lien creditor against third parties. *In re Clifford,* 566 F.2d 1023, 1025 (5th Cir.1978). The Bankruptcy Act does not give the trustee greater rights than those given by state law to a similarly positioned creditor. 4 *Collier, supra,* at ¶ 544.02. Thus, Maine law governs this priority issue.

Maine courts will reform a deed in equity if the petitioner shows a mutual mistake of fact. *Williams v. Libby,* 118 Me. 80, 82 (1919). A mistake as to title is a mistake of fact and can be reformed in equity. *Id.* Once the deed is reformed, it is construed as it was originally intended by the parties. *Adams v. Stevens,* 49 Me. 362, 366 (1861). However, equity will not ·act when its actions "will 'result prejudicially to third persons.' . . . nor when 'rights of third parties have intervened.'" *Williams,* at 83 (citations omitted). As stated by the court in *Foster v. Kingsley,*

> A court of equity never interferes to relieve a party from the consequences of an error, when the only effect of such an interference would be to lift a burden from the shoulders of one and place it upon the shoulders of another, when both are equally innocent and equally free from fault.

67 Me. 152, 156 (1877). Thus, Maine courts will not reform a deed if the rights of a third party have intervened. *Sargent v. Coolidge,* 433 A.2d 738 (Me.1981); *Farley v. Bryant,* 32 Me. 474 (1851); *Whitman v. Weston,* 30 Me. 285 (1849).

As a hypothetical lien creditor under section 70(c), Amvent's trustee, as the representative of general creditors, benefits from the above-described equitable principles. A reformation of the Akins deed would prejudice the trustee's intervening rights by removing the property from Am-

---

1. This proceeding is evidence of the value of a title search.

2. A case commenced under the old Act shall be conducted under such Act as if the new Code

had not been enacted. Bankruptcy Reform Act of 1978, P.L. 95–598, *Transition,* Section 403(a).

vent's estate. Thus, reformation is inappropriate in this case.[3]

An appropriate order will be entered.

---

**3.** Bankruptcy courts applying equitable principles other than reformation have reached similar conclusions. In *In re Trotta,* 12 B.R. 843, 8 B.C.D. 187 (D.Conn.1981), the court found that the trustee's status as lien creditor under section 544 of the Bankruptcy Code was superior to a constructive trust imposed in equity. For the same conclusion under section 544(a)(3), see *In re Hotel Associates, Inc.,* 10 B.R. 668, 4 C.B.C.2d 523, 7 B.C.D. 612 (Bkrtcy.E.D.Pa. 1981); *In re Taylor,* 8 B.R. 806, 7 B.C.D. 317 (D.C.1981). *Contra, In re Fieldcrest Homes, Inc.,* 18 B.R. 678, 8 B.C.D. 1285 (Bkrtcy.N.D.Ill. 1982) (holding in addition that where constructive trust imposed trustee holds legal title only under section 541(a)).