**In re Richard J. ROBINSON,
Sr., Debtor.**

**Harvey J. PUTTERBAUGH, Plaintiff,**

**v.**

**Rosalie M. ROBINSON, Defendant.**

**Bankruptcy No. BK–78–95.**

United States Bankruptcy Court,
D. Maine.

March 29, 1984.

Harvey J. Putterbaugh, Portland, Maine, trustee.

Lowell D. Weeks, North Windham, Maine, for defendant.

**MEMORANDUM DECISION**

FREDERICK A. JOHNSON, Bankruptcy Judge.

The trustee seeks a determination that he owns an interest in a parcel of land in North Yarmouth, Maine, formerly owned by the debtor and the defendant, debtor's former spouse. The defendant asks the

court to reform her deed, contending that because of mutual mistake of fact, her former husband, the debtor, failed to include the contested property in a conveyance to her. The court concludes that the trustee holds a valid lien on the disputed parcel.

By a warranty deed dated June 18, 1966, Richard and Rosalie Robinson, then husband and wife, took title to a piece of land on both sides of Route 231 in North Yarmouth, Maine. The deed was recorded on August 16, 1966. During the next ten years the Robinsons conveyed out portions of the land. On August 3, 1976, a quitclaim deed was recorded conveying land from Richard to Rosalie Robinson. Although Robinson may have intended to transfer all remaining jointly held acreage to his wife, the deed description omitted a portion of approximately eight acres on the southeast side of Route 231.

On July 7, 1977, the Robinsons were divorced. The divorce judgment incorporates a property settlement agreement, paragraph 4 of which reads:

> Both parties agree that all equity in land and buildings and the contents and furnishings therein, and Real Estate *owned by the wife* situated on Route 231, Town of North Yarmouth, County of Cumberland, State of Maine shall be and is the sole property of wife.

(emphasis added). Because the defendant's attorney feared both that the agreement was ambiguous and that the earlier interspousal deed was of questionable validity, he sought another quitclaim deed from Richard Robinson. In preparing the deed, recorded September 16, 1977, the attorney tracked the language of the 1976 pre-divorce deed; he assumed he was describing all land owned by the parties on Route 231.

Once again, the eight acre parcel was omitted from the deed description. The deed noted that the parties had been divorced. The abstract of divorce decree, required by 19 M.R.S.A. § 725 (1981), was not filed in the Cumberland County Registry of Deeds until April 5, 1978, nearly two months after Richard Robinson filed a voluntary bankruptcy petition on February 10, 1978. The abstract incorporates paragraph 4 of the settlement agreement, perpetuating the mistaken property description.

■ The court must determine the parties' interests in the land omitted from several documents. As of the date of the petition, February 10, 1978, the trustee had the status of a hypothetical lien creditor on all property of the bankrupt. Section 70c(3) of the Act [11 U.S.C. § 110c(3)].[1] His lien creditor's rights in relation to the rights of other parties are governed by state law. *Maine National Bank v. Morse (In re Morse)*, 30 B.R. 52, 54 (Bkrtcy.App. Pan. 1st Cir.1983); 4 *Collier on Bankruptcy* ¶ 544.02, at 544–8 (L. King 15th ed. 1983).

Under Maine law, an unrecorded interest in real estate is not effective against anyone but "the grantor, his heirs and devisees, and persons having actual notice thereof...." 33 M.R.S.A. § 201 (1978). Likewise, a divorce decree disposing of real property is ineffective against third persons until the decree or an abstract is filed in the registry of deeds. 19 M.R.S.A. § 725 (1981).[2] The trustee, an ideal lien creditor under former section 70c, is thus affected by only what the record would have revealed on February 10, 1978.

■ On that date, the registry showed the 1966 deed conveying the North Yarmouth property to the Robinsons, various

---

1. Section 403(a) of the Bankruptcy Reform Act of 1978, Pub.L. 95–598, provides:

   A case commenced under the Bankruptcy Act, and all matters and proceedings in or relating to any such case, shall be conducted and determined under such Act as if this Act had not been enacted....

2. Section 725 in relevant part reads:

   Any rights acquired ... under section 722–A by a party in the real estate of a party are effectual against any person when the decree of divorce, or an abstract thereof setting forth the names and residence of the parties, the date of the decree and the court where granted, is filed in the registry of deeds for the county or registry district where the real estate is situated.

deeds out from that original conveyance, and the two deeds, with identical descriptions, from Richard to Rosalie Robinson. It would have appeared to a diligent title searcher that an eight acre parcel was still held in joint tenancy by Richard and Rosalie Robinson. Even if the divorce abstract had been timely filed, it suffered from the same deficiency as the deeds. It would not have put the searcher on notice of any disposition of the land on the southeast side of Route 231. As a consequence, the trustee as an ideal lien creditor has a lien on a one-half undivided interest in the disputed acreage.

Finally, the defendant encourages the court to reform the deed to fulfill the intention of the parties that she have title to all land on Route 231.[3] Although a deed can be reformed when it is based on a mutual mistake of fact, *Dumais v. Gagnon*, 433 A.2d 730, 735 (Me.1981); *Williams v. Libby*, 118 Me. 80, 82, 105 A. 855 (1919), it is well settled that courts will not exercise their power to reform documents if the result will prejudice third parties or if the rights of third parties have intervened. *Williams* at 83, 105 A. 855 (citations omitted); *Maine National Bank v. Morse (In re Morse), supra*, at 56; *In re Pribish*, 25 B.R. 403 (Bkrtcy.D.Me.1982). Therefore, even if these parties intended that defendant own all the land, the court will not act to the detriment of third parties, here the trustee in bankruptcy representing the debtor's estate.

The court concludes that the trustee has a valid lien on an undivided one-half interest in the disputed parcel on the southeast side of Route 231 in North Yarmouth, Maine.

An appropriate order will be entered.

---

3. The court indicates no opinion on the parties' intentions.