**In re Robert R. PRINCIOTTA, Debtor.**

**Bankruptcy No. 84–861–JG.**

United States Bankruptcy Court,
D. Massachusetts.

May 6, 1985.

George R. Desmond, Framingham, Mass., for Robert R. Princiotta.

Aldo A. Cipriano, Marlboro, Mass., for Charles and Jacqueline Aspesi.

Frank J. Conway, Wellesley, Mass., for Hansen Elec. Supply, Inc.

Steven L. Kornstein, Boston, Mass., for Hartke-Hanks Corp.

A. Lawrence Glynn, South Natick, Mass., for Joseph A. LaCroix.

Neal E. Satran, Satran, Reade & Marino, Boston, Mass., for Paul J. Szabo, et al.

Henry J. Boroff, Boston, Mass., for trustee in bankruptcy.

**MEMORANDUM**

HAROLD LAVIEN, Bankruptcy Judge.

Before the Court is the debtor's Motion to Avoid Judicial Liens. The debtor's Motion seeks to avoid the following encumbrances concerning 30 Pond Street, Ashland, Massachusetts:

| | | |
|---|---|---|
| 09/28/83 | Joseph A. LaCroix | Writ of attachment recorded at Book 15238, Page 183 in the sum of $5125; |
| 11/21/83 | Hartke-Hanks Corporation | Writ of attachment recorded at Book 154234, Page 349 in the sum of $1700; |
| 01/23/84 | Hansen Electrical Supply, Inc. | Writ of attachment recorded at Book 15417, Page 267 in the sum of $12,363.62 |
| 02/01/84 | Paul J. Szabo et al | Writ of attachment recorded at Book 15430, Page 294 in the sum of $10,000 |
| 02/24/84 | Charles Aspesi and Jacqueline Aspesi | Lis pendens recorded at Book 15430, Page 176 (no sum stated) |

Each attachment was on account of an obligation owed by the debtor. The lis pendens concerned and affected 7 Cedar Street, Ashland, Massachusetts, not the property which is the subject of the debtor's Motion.

A hearing on the Motion was held on March 18, 1985. None of the judicial lien-holders appeared for the hearing although the Court records reveal that each had been notified of the hearing. Because the case presented a novel legal issue, the Court ordered the debtor to file a brief. The debtor's brief was filed on April 2, 1985[1] and the Motion was taken under advisement.

The debtor seeks to avoid the subject liens pursuant to 11 U.S.C. § 522(f)(1) on the ground that each lien impairs his exemption on his interest in real estate located at 30 Pond Road, Ashland, Massachu-

---

**1.** The debtor's brief does not address the legal issue posed by the Court and indeed cites no case law in support of the debtor's position.

setts. The debtor does not own this property, but rather he claims he has an interest in the property arising out of a rather curious purchase and sale agreement, summarized below.

The debtor and James Lowenstern entered into a purchase and sale agreement on July 29, 1982. Debtor agreed to purchase two parcels of real estate at 30 Pond Street, Ashland Massachusetts. The purchase price $69,000 was payable as follows: $5500 by August 1, 1982, $3500 according to a note dated July 29, 1982, and the balance of $60,000 payable in a balloon payment at the end of ten years, plus annual interest at various rates during the ten year period. The debtor also agreed to pay the real estate taxes and insurance premiums for the property. It was agreed that possession of the property would be delivered to the debtor on August 1, 1982. Curiously, the agreement did not provide for a time for transfer of title to the debtor. Lowenstern agreed to continue to make mortgage payments to the Middlesex Savings Bank which at the time of the agreement was owed $31,100. If the Middlesex Bank accelerated its note and mortgage, Lowenstern had the obligation to satisfy the debt or obtain refinancing. In the event of his failure to refinance, the debtor had the right to do so and obtain title to the property. The debtor was given the option at any time to refinance the property, pay Middlesex and Lowenstern, and obtain title to the property. Under the agreement, the deed concerning the property was to be held in escrow by an attorney until fulfillment of the debtor's contractual obligations. This contract was recorded at the Middlesex South Registry of Deeds on July 30, 1982. The debtor is current in his payments.

On his Schedule of Assets, the debtor listed the purchase contract as an interest in the real estate at 30 Pond Street, Ashland, Massachusetts, and valued this interest at $65,000. He also claimed $7900 of this interest as exempt pursuant to 11 U.S.C. § 522(d)(1) and (5) (1979). A subsequent appraisal obtained by the trustee values the property at $62,000. The trustee filed a Report of No Assets on December 14, 1984.

11 U.S.C. § 522(f) provides:

■ "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien;"

A judicial lien is "a lien obtained by judgment, levy or sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(27). Section 522(d)(1) gives each debtor in a joint case a $7500 exemption in real estate which serves as their residence. In order to avoid a judicial lien on the basis that it impairs a debtor's exemption, the debtor must show that he has exemption rights which are impaired by the existence of valid judicial liens. *In Re Butler*, 5 B.R. 360 (Bankr.Md.1980).

■ The issue presented in this case is whether the debtor may claim as exempt his interest in and avoid judicial liens on property he does not own, but which is subject to his right to purchase under a recorded installment sales contract. The interest of a debtor who purchases property under a recorded installment contract is property of the estate as of the petition date. *In Re S.O.A.W. Enterprises, Inc.*, 32 B.R. 279, 11 B.C.D. 16, 18 (Bankr.W.D. Tex.1983). A recorded contract for a deed, the terms of which provide for the debtor to purchase and the seller to convey title when the debtor completes performance, is the equivalent of a mortgage relationship. *In Re Booth*, 19 B.R. 53, 8 B.C.D. 1393, 1395 (Bankr.D.Utah 1982). The vendor in substance is a mortgagee with a lien on the property in the amount of the purchase price. *Id.* As long as the debtor's interest is recorded, the debtor's exemption interest is superior to the position of the trustee. *Cf. In Re Trotta*, 12 B.R. 843, 8 B.C.D. 187 (Bankr.D.Conn.1981) (Debtor's unrecorded equitable interest subject to trustee's

**450**

avoidance power as hypothetical lien creditor).

 In the present case, the debtor's right to obtain title to the real estate upon performance of his obligations must be considered property of the estate which he is entitled to claim as exempt pursuant to § 522. Neither the trustee nor any creditor has objected to the debtor's claim of exemption concerning this real estate.

■ Thus, since I have concluded that the debtor may include this interest within his exempt property, next it must be determined whether any of the judicial liens are subject to avoidance because they impair the debtor's claimed exemption of $7,900. This analysis turns on the value of the property as of the petition date, as compared to the amount of non-avoidable obligations. *In Re Tarrant,* 19 B.R. 360 (Bankr.D.Alaska 1982). A judicial lien impairs an exemption where all or any portion of the lien exceeds the remainder of value left over after subtraction of each valid lien and the exemption claimed. *In Re Duncan,* 43 B.R. 833, 838 (Bankr.D.Alaska 1984).

■ Here, the value of the property and the amount of outstanding obligations asserted by the debtor shall be accepted by the Court because none of the interested parties appeared to contest the facts according to the debtor. Thus, I find that the value of the debtor's interest in the real estate is $62,000, the value according to the trustee's appraisal. A condition precedent to the debtor's obtaining title is the payment of $59,000, which is the amount of the seller's "lien." In light of this obligation, all of the debtor's equity is subject to his claim of exemption. There is no non-exempt equity to satisfy judicial lienholders. The judicial liens of LaCroix, Hartke-Hanks Corporation, Hansen Electrical Supply, Inc., and Paul J. Szabo impair the debtor's exemption and are declared avoided. The lis pendens of Charles and Jacqueline Apesi is an encumbrance which concerns 7 Cedar Street, Ashland, Massachusetts and does not affect the real estate which is the subject of the debtor's Motion.

The Motion to Avoid Judicial Liens is denied as to Aspesi and is allowed as to the remaining creditors.