TANG, Circuit Judge,
dissenting.
I dissent. Equity serves a central role in all bankruptcy proceedings and equity is not being done here. I would hold that the hypothetical bona fide purchaser (BFP) status that § 544(a)(3) confers should not here be recognized.
The facts are not in dispute. As its partnership contribution, Washburn & Roberts (Washburn) conveyed the property at issue to the partnership entity. The partners, including Washburn, conferred and agreed collectively that the partnership would delay recordation of the deed until the purchase of adjacent property. From a business point of view the decision to delay recordation made perfect sense: notice of Washburn’s conveyance to the partnership would have significantly weakened the partnership’s negotiating position for the adjacent property.
Then, with full knowledge that the deed remained unrecorded, Washburn waited until after the effective date of the new Bankruptcy Act to lodge a reorganization petition, without first advising its partners, and presumably with full knowledge that § 544(a)(3) would enrich the estate at the expense of the partnership.
Echoing the district court, I cannot conceive that Congress anticipated this scenario or intended to sanction the result the majority reaches. Although the absence of creditor reliance does not normally affect a trustee’s voidance powers, see, e.g., In Re Great Plains Western Ranch Co., Inc., 38 B.R. 899, 903-04 (Bkrtcy.C.D.Cal.1984), the undisputed purpose of conferring voidance powers on the trustee is to protect creditors from secret liens. Id. at 904. Since nothing in the record indicates that any creditor or potential creditor ever relied upon Washburn’s record title in the subject property, I see no reason to apply mechanically the trustee’s strong-arm powers to a set of facts that reveal a serious breach of the fiduciary obligation that partners owe to one another, Basson v. Investment Exchange, 83 Wash.2d 922, 927-28, 524 P.2d 233 (1974); Donaldson v. Greenwood, 40 *875 Wash.2d 238, 249, 242 P.2d 1038 (1952); see generally, Uniform Partnership Act §§ 20-21, and with more than a hint of constructive fraud. An unjustified windfall is bestowed and an injustice done by the mechanical application of the statute.
That the majority’s mechanical approach to the bankruptcy laws may be read as a silent condonation of fraud is the most troubling aspect of the case. Indeed, the Supreme Court has counseled against the execution of a vision so narrow that basic principles of equity are ignored. In the words of Justice Douglas, the invocation of equitable principles is needed in order to insure that “fraud will not prevail, that substance will not give away to form, [and] that technical considerations will not prevent substantial justice from being done.” Pepper v. Litton, 308 U.S. 295, 304-05, 60 S.Ct. 238, 244-45, 84 L.Ed. 281 (1939).
In instances where the law holds that a constructive trust cannot be imposed against a BFP, equity has spoken against the recognition of the trustee’s hypothetical BFP status. In Re Fieldcrest Homes, Inc., 18 B.R. 678 (Bkrtcy N.D.Ill.1982); In Re Angus, 9 B.R. 769 (Bkrtcy D.Ore.1981). Equity so speaks here. I would affirm the judgment of the district court.